JAMES BONOFIGLIO *vs.* COMMERCIAL UNION INSURANCE
COMPANY.

Worcester. May 9, 1991. - August 19, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Insurance*, Unfair act or practice, Underinsured motorist. *Consumer Protection Act*, Insurance, Damages, Wilful and knowing violation, Offer of settlement, Jury trial. *Practice, Civil*, Directed verdict, Judgment notwithstanding verdict. *Damages*, Consumer protection case.

In a civil action, the judge correctly denied the defendant's motion for judgment notwithstanding the verdict where the defendant's motion for directed verdict did not state the "specific grounds therefor" and thus could not act as a predicate to the motion for judgment notwithstanding the verdict. [33-36]

In a civil action alleging unfair settlement practices by an insurance company and seeking to recover the interest on insurance proceeds unfairly denied to the claimant for a period of time, the amount subject to the multiplier provisions of G. L. c. 93A, § 9, was the amount of interest awarded, i.e., the judgment, and not the amount awarded under the policy in a previous proceeding before an arbitrator. [36, 37-38]

CIVIL ACTION commenced in the Superior Court Department on April 13, 1990.

The case was tried before *James P. Donohue*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*David A. Wojcik* for the plaintiff.

*Richard L. Neumeier* (*Jacqueline Y. Parker* with him) for the defendant.

NOLAN, J. This appeal raises several issues relative to the litigation of claims against an insurance company by its insureds alleging unfair settlement practices and seeking punitive damages under G. L. c. 93A (1990 ed.). Several of the issues, however, were not properly preserved for appeal and,

therefore, we do not reach their merits. For the reasons discussed below, we affirm the judgment of the Superior Court in all respects.

1. *Background.* On June 26, 1987, James Bonofiglio, the plaintiff, was involved in an automobile accident. As a result of this accident, Bonofiglio suffered severe injuries, including some permanent injuries. Liability insurance available to Bonofiglio from the two drivers involved in the accident totaled $25,000. As his damages resulting from the accident were significantly greater than $25,000, Bonofiglio turned to his own automobile insurance company for underinsurance coverage. Bonofiglio and each of his parents had automobile insurance policies issued by the defendant, Commercial Union Insurance Company (Commercial Union), and Bonofiglio made claims on the underinsurance provisions of each policy.

Commercial Union conducted an investigation into the existence of coverage, which was resolved in Bonofiglio's favor during the late summer or early fall of 1988. Commercial Union did not inform Bonofiglio of the resolution of the coverage question until December, 1988. Shortly thereafter, Bonofiglio made demand on Commercial Union for $510,000 (the policy limit of the three applicable policies). In March, 1989, Commercial Union offered a structured settlement with a net present value of approximately $125,000, which Bonofiglio rejected. There was evidence that Commercial Union had valued the claim at $175,000.

In response to this offer, Bonofiglio sent a demand letter to Commercial Union in April, 1989, contending that Commercial Union was violating G. L. c. 93A. Commercial Union responded with the same structured settlement offer, plus $50. Commercial Union then filed a demand for arbitration. Immediately prior to the arbitrator's hearing during the summer of 1989, Commercial Union increased its offer to $150,000 in cash. Bonofiglio rejected this offer and the case proceeded to arbitration. In September, 1989, the arbitrator awarded Bonofiglio $283,000, which Commercial Union promptly paid.

Bonofiglio then commenced this action, alleging that Commercial Union's action constituted unfair settlement practices in violation of G. L. c. 176D, § 3 (9) (1990 ed.), and unfair and deceptive trade practices in violation of G. L. c. 93A. Bonofiglio alleged that the unfair practices caused a delay in payment of that which was owed on the policy. He demanded interest on the $283,000 as well as attorney's fees and multiple damages under c. 93A.

The jury returned a special verdict in which they determined that Commercial Union committed unfair and deceptive acts causing damages of $14,435.83 to Bonofiglio. The jury also determined that Commercial Union had refused, in bad faith and in knowing violation of c. 93A, to grant relief to Bonofiglio after he had made a demand for relief. As a consequence of that determination, the ju y determined, in response to a special question from the judge, that the total damages should be twice the plaintiff's actual damages, or $28,871.66.

Bonofiglio thereafter moved that the judge double the amount of the arbitrator's award in addition to the damages awarded in the trial. The judge denied that motion, and Bonofiglio filed this appeal. Commercial Union cross appeals from the denial of its motion for judgment notwithstanding the verdict and on the issue of allowing the jury to determine multiple damages. We affirm the rulings of the Superior Court on both issues.

2. *Judgment notwithstanding the verdict.* Commercial Union asserts that, because Bonofiglio never moved from his initial demand of $510,000, Commercial Union's actions in dealing with Bonofiglio's claim could not, as a matter of law, constitute unfair settlement practices in violation of G. L. c. 176D, or c. 93A. Commercial Union argues that Bonofiglio never presented it with an opportunity to settle for the $283,000 ultimately awarded by the arbitrator. Therefore, it argues, its motion for judgment notwithstanding the verdict was improperly denied. Although we note that G. L. c. 176D, § 3 (9) (f), imposes a duty on the insurer to effectuate prompt and fair settlements on claims in which liability has

become clear, while imposing no such duty on the claimant, we need not address the issue because it was never properly presented to the trial judge.

At the close of all the evidence, Commercial Union moved orally for a directed verdict. The motion stated no grounds and Commercial Union declined an invitation from the judge to argue the motion. Neither the judge nor the plaintiff inquired into the specific grounds for the motion, and no objection was raised as to the lack of such grounds.

After the jury found in favor of the plaintiff, Commercial Union moved for judgment notwithstanding the verdict. This motion stated that, because the plaintiff never offered to settle for less than $510,000, Commercial Union did not have an opportunity to settle for less than that amount. Therefore, argued Commercial Union, any damages were the result of the plaintiff's actions rather than any practice by Commercial Union.

Rule 50 (b) of the Massachusetts Rules of Civil Procedure, 365 Mass. 814 (1974), governs motions for judgment notwithstanding the verdict. That rule allows such motions only when a motion for a directed verdict has been made at the close of evidence. A motion for a directed verdict according to Mass. R. Civ. P. 50 (a), 365 Mass. 814 (1974), must "state the specific grounds therefor." As a motion for judgment notwithstanding the verdict is technically a revised motion for a directed verdict, no grounds for the motion for judgment notwithstanding the verdict may be raised which were not asserted in the directed verdict motion.[1] See *House of Koscot Dev. Corp.* v. *American Line Cosmetics, Inc.*, 468 F.2d 64, 67-68 (5th Cir. 1972); 5A Moore's Federal Practice, par. 50.08 (2d ed. 1989).

The requirement that a litigant state specific grounds in support of a motion for directed verdict is an important one. It allows the judge knowingly to rule on the question before

---

[1] Rule 50 (b) states, in relevant part, that a motion for judgment notwithstanding the verdict must request "judgment in accordance with [the moving party's] motion for a directed verdict."

him, and it allows the opposing party an opportunity to rectify any deficiencies in its case — or, more precisely, an opportunity to seek leave from the court to do so. See, e.g., *Benson* v. *Allphin*, 786 F.2d 268, 273 (7th Cir. 1986); *McKinnon* v. *Berwyn*, 750 F.2d 1383, 1388-1389 (7th Cir. 1984).

Because Commercial Union did not state the specific grounds for its directed verdict motion, there was never a proper motion for a directed verdict. Therefore, under the rule, there was never a proper motion for judgment notwithstanding the verdict. Commercial Union, however, claims that, as the grounds for its directed verdict motion were the same as those for its outstanding summary judgment motion, there was no need to state those grounds at the time of the directed verdict motion. In the circumstances, we think that the summary judgment motion did not make clear the grounds on which Commercial Union sought a directed verdict.

Moreover, the grounds asserted in the motion for summary judgment are not grounds argued before us for overturning the verdict. In its motion for summary judgment, Commercial Union conceded for the purposes of argument that its settlement activities were improper. The motion argued, however, that any such improper action could not have caused damage to Bonofiglio. It was "abundantly clear," asserted Commercial Union, that "the plaintiff never would have accepted an offer which was $227,000 lower than his demand." This argument on causation is quite different from the argument raised on appeal — that the actions were not unfair as a matter of law.

Commercial Union next argues that Bonofiglio has waived the right to complain about the lack of specificity because there was no objection at the time of the motion. Where no objection is raised to the absence of specific grounds, and the judge *allows* the motion for directed verdict, we have said that the opposing party has waived the right to insist on specificity as a basis for appeal. *Soares* v. *Lakeville Baseball*

*Camp, Inc.*, 369 Mass. 974, 975 (1976). Here, however, the judge did not explicitly rule on the motion.

Commercial Union argues on appeal that its conduct was not, as a matter of law, unfair. This is an argument never raised below, and there is no evidence that either the judge or the opposing party was aware of this ground. There was, therefore, no opportunity for Bonofiglio to rectify any deficiencies in his case, if such existed.[2]

The trial judge's denial of the motion for judgment notwithstanding the verdict was proper because the motion for directed verdict did not state the grounds therefor and thus could not act as a predicate to the motion for judgment notwithstanding the verdict.

3. *Multiple damages under c. 93A.* Having determined that judgment for Bonofiglio was proper, we turn to the issue of multiple damages under G. L. c. 93A, aspects of which are challenged by both parties. Mindful of the language of c. 93A, § 9, the judge told the jury that, if they found that Commercial Union had refused in bad faith to grant relief upon demand with knowledge or reason to know that the practice complained of violated c. 93A, they should award Bonofiglio between two and three times the amount which they determined to be actual damages.[3] The jury did find such a bad faith violation and returned a verdict for twice the amount of the interest lost to Bonofiglio by the improper delay.

a. *Jury question.* Commercial Union claims, again for the first time on appeal, that it was error for the judge to submit

---

[2]Commercial Union did not appeal from the denial of its motion for a new trial. A proper motion for a directed verdict is not a prerequisite to a motion for a new trial.

[3]General Laws c. 93A, § 9 (3) (1990 ed.), states, in relevant part, "[I]f the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two."

the question of multiple damages to the jury. Commercial Union objected initially to the prospect of a jury trial. It is well established that a judge has the discretion to submit claims under c. 93A to a jury. See *Service Publications, Inc. v. Goverman*, 396 Mass. 567, 577-578 (1986). See Mass. R. Civ. P. 39 (c), 365 Mass. 801 (1974). At no time during the trial or during the instructions to the jury did Commercial Union narrow that objection to the specific issue of the multiple damages. Therefore, we need not address this issue on appeal. See *Newton Constr. Co. v. West & S. Water Supply Dist. of Acton*, 326 Mass. 171, 176 (1950).

b. *What is to be doubled?* Before the complaint in this case was filed, an arbitrator awarded Bonofiglio $283,000 on his claims arising out of the motor vehicle accident. Bonofiglio contends on appeal, as he contended below, that a finding of bad faith ought to result in a multiplication not merely of the interest lost through the unfair delay but also of the amount awarded under the policy by the arbitrator. In support of this position, Bonofiglio points to a 1989 amendment to c. 93A, § 9, which states "the amount of actual damages to be multiplied by the court shall be the amount of the *judgment* on all claims arising out of the same and underlying transaction or occurrence, regardless of the existence or nonexistence of insurance coverage available in payment of the claim" (emphasis added). St. 1989, c. 580. We assume, without deciding, that the 1989 amendment applies to this case.

The arbitrator's award certainly arises out of the occurrence underlying the c. 93A action, but such an award is not a "judgment" within the meaning of this provision of the statute. General Laws c. 4, § 6, Third, exhorts the judiciary to construe words and phrases "according to the common and approved usage of the language; but technical words and phrases and such others as may have acquired a peculiar and appropriate meaning in law shall be construed and understood according to such meaning." The term "judgment" has acquired a peculiar meaning in law; it is founded on a decision by a court, not on an award by an arbitrator. See, e.g.,

Mass. R. Civ. P. 54 (a), 365 Mass. 820 (1974). In this case, Bonofiglio brought an action attempting to recover the interest on the insurance proceeds which were unfairly denied to him for a period of time. As the judgment on all claims in the suit resulted in damages of $14,435.83, that is the amount subject to the multiplying provision of c. 93A.

*Judgment affirmed.*