Brassard, J.
INTRODUCTION
The plaintiff, Calvin Belfon (“Belfon”), brought this action against Metropolitan Property & Casualty Insurance Company (“Metropolitan”) after Metropolitan denied his claim for uninsured motor vehicle benefits. Belfon alleges that Metropolitan violated General Laws Chapters 93A and 176D in its handling, and eventual denial, of his claim. This matter is now before the court on the plaintiffs motion for summary judgment. For the reasons set forth below, the plaintiffs motion for summary judgment is ALLOWED.
FACTS
On September 5, 1994, while driving an automobile in the State of New York, the plaintiff, Belfon, was involved in a car accident. At the time of the accident, Belfon was insured by the defendant, Metropolitan, under policy number 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-0. Belfon’s policy provided uninsured or underinsured benefits up to a limit of $20,000 and, on January 18, 1995, Belfon informed Metropolitan that he intended to pursue such a claim.
On January 31, 1995, Belfon provided a description of the accident to Metropolitan over the telephone. Belfon’s statement, which is undisputed by any evidence, was that he was travelling on Eastern Parkway and as he approached its intersection with Schenectady Road the light was red. Belfon stated that he was the fourth car in line waiting to take a left onto Schenectady Road. Belfon stated that the light turned green and the cars ahead of him turned left into the intersection. As Belfon entered the intersection, the cars in front of him stopped as a festival was occurring ahead. Belfon stated that he remained stopped in the intersection for nearly two minutes when an oncoming car struck him at a high rate of speed.
On February 2, 1995, Belfon demanded settlement of his uninsured claim in the amount of $20,000 and, on March 22, 1995, Metropolitan denied said claim. On March 28, 1995, Belfon requested that Metropolitan arbitrate his claim for uninsured benefits and on August 10, 1995, the claim was arbitrated. In a decision dated August 25, 1995, the arbitrator found that “there has been no evidence offered to contradict Mr. Belfon’s version of how this accident took place” and that “Mr. Belfon was not comparatively negligent to any extent in causing this accident.” The arbitrator issued an award of $25,000 to Belfon.
.Subsequent to the arbitrator’s decision, Belfon sent a formal demand letter to Metropolitan claiming violations of General Laws Chapters 93A and 176D. Metropolitan denied liability and refused to make any offer of settlement. Belfon then brought this current action and has moved for summary judgment.
DISCUSSION
A. Summary Judgment Standard of Review
Summary judgment is appropriate where there are no genuine issues of material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
B. Unfair Claim Settlement Practices
General Laws Chapter 93A, §9(1) provides, in pertinent part, that “any person whose rights are affected by another person violating the provisions of clause (9) of section three of chapter one hundred and seventy-six D may bring an action in the superior court... for damages ... as the court deems to be necessary and proper.” Belfon argues that Metropolitan violated G.L.c. 176D, §3(9)(f)-(g) and, as those violations represent unfair claim settlement practices, violated G.L.c. 93A, §9(1).
1. G.L.c. 176D, §3(9)(f)
Pursuant to General Laws Chapter 176D, §3(9)(f), “Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear,” constitutes an unfair claim settlement practice. The issue before this court is whether liability in this matter was “reasonably clear,” or whether that question raises a genuine issue of material fact.
In the case at bar, Metropolitan asserts, via an affidavit from Stephen Demers, one of its claim representatives, that it conducted a prompt investigation *358and determined that Belfon “attempted a left hand turn when it was not safe to do so.” According to Mr. Demers, Metropolitan concluded that Belfon was greater than fifty percent negligent for making an improper left turn and denied his claim. As a basis for its conclusion, Metropolitan relied upon Belfon’s telephone statement and a police report wherein an officer apparently stated that Belfon “turned improperly."1
Metropolitan’s conclusions, however, are completely unsupported by evidence. Belfon’s version of the accident indicates that he was stopped in an intersection when a car travelling at a high rate of speed failed to see his vehicle and struck it. These facts do not suggest that Belfon was more than 50% negligent for the accident, and Metropolitan’s reliance on an assertion in a police report, without speaking with the officer or other witnesses, is not reasonable. Despite this fact, however, Metropolitan denied his claim outright. Moreover, the police report Metropolitan relies upon almost exclusively is not even before this court, notwithstanding potential hearsay problems.
This court concludes, as a matter of law, that liability in this case was “reasonably clear,” and that Metropolitan violated Section 3(9) (f). This court also finds that the claim letter sent by Belfon pursuant to G.L.c. 93A was sufficient as it gave reasonable notice of a demand arising from Section 3(9)(f) and, in fact, expressly referenced that section. Moreover, Metropolitan is subject to G.L.c. 93A and G.L.c. 176D, §3(9) with respect to Belfon’s claims, because it was engaged in the business of insurance.
General Laws Chapter 93A, §9(3) provides, “Any person receiving ... a demand for relief [under this chapter] who, within thirty days of the mailing or delivery of that demand for relief, makes a written tender of settlement which is rejected by the claimant . . . may . . . limit any recovery to the relief tendered if the court finds that the relief tendered was reasonable in relation to the injury actually suffered . . .’’As Metropolitan did not make a written tender of settlement, Belfon’s recovery is not limited in such a manner.
General Laws Chapter 93A, §9(3) further provides that “(R]ecovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of [this chapter] ... or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated [this chapter] . . . For the purposes of this chapter, the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence . . .”
“Single damages under G.L.c. 93A . . . are designed only to compensate for the ‘losses which were foreseeable consequences of the defendant’s unfair and deceptive act or practice.’ ” Bertassi v. Allstate Ins. Co., 402 Mass. 366, 372 (1988). The foreseeable loss sustained from an insurance company’s unfair settlement practice is the loss of the use of money to which the plaintiff was entitled. Id. The damages from this loss are the interest that would have been earned from this money between the time the money should have been paid andwhenitwas actually paid.2 Id. at 372-73; see also Wallace v. American Manufacturers Mutual Ins. Co., 22 Mass.App.Ct. 938, 939 (1986) (holding that a plaintiff must show a causal connection between an insurer’s failure to settle and an injury or loss for which recovery is sought).
Belfon’s damages are the interest he would have earned between the time that Metropolitan should have tendered a settlement and the time he actually received the policy limit of $20,000. The court finds that Metropolitan should have made a reasonable offer of settlement on March 22, 1995, when it denied his claim outright. Belfon is entitled to the judgment interest rate3 of twelve percent from March 22, 1995, until he was paid the arbitrator’s award.4
In addition, this court finds that Metropolitan’s failure to effectuate a prompt settlement when liability was “reasonably clear” does not rise to the level of a willful or knowing violation of G.L.c. 93A. A negligent unfair act or practice does not qualify for multiple damages under G.L.c. 93A. Squeri v. McCarrick, 32 Mass.App.Ct. 203, 208 (1992). The court therefore declines to award multiple damages under G.L.c. 93A.
The court further orders that attorneys fees and costs incurred in connection with this action be awarded to Belfon pursuant to G.L.c. 93A, §9(4). As the parties did not provide evidence on this issue, Belfon’s counsel shall provide affidavits indicating the amount of costs and reasonable attorneys fees and Metropolitan shall file an opposition within ten days from its receipt of such affidavits. Such affidavits shall also include the date Belfon was paid his policy limit by Metropolitan, so that this court can calculate the interest Belfon is owed.
2. G.L.c. 176D, §3(9)(g)
Pursuant to General Laws Chapter 176D, §3(9)(g), “Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured,” constitutes an unfair claim settlement practice. Section 3(9)(g), however, “express[es] a legislative purpose to penalize the practice of ‘low balling,’ i.e., offering much less than a case is worth in a situation where liability is either clear or highly likely.” Guity v. Commerce Ins. Co., 36 Mass.App.Ct. 339, 343 (1994). “The language of subparagraph g presupposes some offer — a mark*359edly inadequate one — not the absence of any offer at all.” Id. As the summary judgment reveals that Metropolitan denied liability and made no offer of settlement, Belfon’s claim under Section 3(9)(g) must fail as a matter of law.
ORDER
Based upon the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for summary judgment is ALLOWED. It is further ORDERED that the plaintiffs counsel submit affidavits, to this court and opposing counsel, containing the date plaintiff was paid the policy limit, as well as indicating costs and reasonable attorneys fees. The defendant shall have ten days to respond to those issues from the date it receives the affidavits.

In opposition to Belfon’s motion for summary judgment, Metropolitan has presented this court with two affidavits. The first affidavit by Stephen Demers summarily states why Metropolitan denied Belfon’s claim and is referred to supra. The second affidavit is by Robert A. Marra, Jr., an attorney who represented Metropolitan at the arbitration, and attempts to describe Belfon’s testimony at the arbitration. The second affidavit is mostly hearsay and is not helpful to this court. In addition, no evidence has been presented surrounding the police report Metropolitan seeks to rely upon and the police report itself has not been provided to the court. Metropolitan urges this court to rely upon the arbitrator’s findings to help prove its case, but this court declines to do so. While this court will assume certain undisputed facts contained in both parties briefs and the arbitrator’s findings, it will not assume material facts that are not properly in the summary judgment record.

In Bonofiglio v. Commercial Union Ins. Co., 411 Mass. 31, 37 (1991), the Supreme Judicial Court held that an arbitrator’s award is not a “judgment" under G.L.c. 93A. The word “judgment” refers only to a decision by a court. Id. As such, this court will not use the arbitrator’s award as the figure for damages.

See G.L.c. 231, §6B; Patry v. Liberty Mobilehome Sales. Inc., 394 Mass. 270, 273 (1985).

That date was not provided to the court.