METROPOLITAN PROPERTY & CASUALTY INSURANCE
COMPANY *VS*. JAMES CHOUKAS.

No. 96-P-1395.

Norfolk. April 14, 1998. - June 25, 1999.

Present: KASS, SMITH, & JACOBS, JJ.

*Consumer Protection Act,* Insurance, Unfair or deceptive act, Offer of settle-
ment, Attorney's fees. *Insurance,* Settlement of claim, Unfair act or
practice. *Practice, Civil,* Summary judgment, Costs, Attorney's fees.

In the circumstances of an automobile accident in which liability was clear,
the insurer's failure to tender an offer of settlement to the injured claimant
violated the provisions of G. L. c. 176D, § 3(9)(*f*), and where there was no
genuine issue of material fact as to those circumstances, the plaintiff was
correctly granted summary judgment on his claim of unfair settlement
practices [199-200]; and the judge correctly determined that the insurer's
violation was wilful and knowing [200-201].

An arbitrator's award reduced to a judgment was the appropriate measure of
damages to be multiplied for an insurer's unfair settlement practices.
[201-202]

A judgment on a claim under G. L. c. 176D for an insurer's unfair settlement
practices was remanded for recalculation, with appropriately detailed find-
ings, of damages, attorney's fees, and costs. [202]

CIVIL ACTION commenced in the Superior Court Department on
July 16, 1991.

The defendant's counterclaim was heard by *Paul A. Chernoff,*
J., on a motion for summary judgment, and a hearing for as-
sessment of damages was had before *Elizabeth Butler,* J.

*Paul M. Richardson* for the plaintiff.
*Stephen R. Follansbee* for the defendant.

SMITH, J. On August 19, 1990, James Choukas was a pas-
senger in a vehicle owned and operated by Nancy Powers,
when it was involved in an accident. Choukas sustained injuries
as a result of the accident. The insurer of Powers's automobile,
Metropolitan Property and Casualty Insurance Company

(Metropolitan), conceded that Powers was entirely at fault in causing the accident and, on April 5, 1991, paid Choukas the policy limit ($10,000) under Powers's policy. Metropolitan also insured Choukas's vehicle, and he sought the entire available coverage ($90,000) on the underinsured portion of his policy.

On July 16, 1991, Metropolitan filed a complaint in the Superior Court applying for an order under G. L. c. 251, § 2(*a*), to proceed to arbitration. Choukas filed a counterclaim, alleging that Metropolitan had violated G. L. c. 176D, § 3(9)(*f*), by failing to effectuate a prompt, fair, and equitable settlement of his underinsured claim. He, therefore, sought damages under G. L. c. 93A.[1] A Superior Court judge directed the parties to proceed to arbitration.

In November, 1991, before the arbitrator's hearing commenced, a Metropolitan claims adjustor telephoned Choukas's attorney to discuss a settlement of his underinsured claim. The adjustor asked if Choukas was ready to settle for less than $90,000. In reply, according to Choukas's attorney, he stated that his client would accept $89,000. Negotiations then ceased without Metropolitan making an offer.

The arbitrator subsequently found in favor of Choukas and awarded him $25,000 on the underinsured portion of Metropolitan's policy. Metropolitan sent a check to Choukas in that amount, which he returned. Choukas subsequently sought confirmation of the award; final judgment entered in the Superior Court in the amount of $25,000. Choukas then obtained an execution, served it on Metropolitan, and the insurer paid Choukas the amount of the arbitrator's award.

Choukas thereafter filed a motion for summary judgment on his counterclaim, alleging Metropolitan had committed an unfair settlement practice because it had not made a settlement offer after liability had become reasonably clear. In support of his motion, Choukas submitted his attorney's affidavit and other

---

[1]General Laws c. 93A, § 2(*a*), as inserted by St. 1967, c. 813, § 1, prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." General Laws c. 176D, § 2, contains a similar prohibition against such conduct in the insurance business. That prohibition extends to "[u]nfair claim settlement practices," which include "[f]ail[ure] to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." G. L. c. 176D, § 3(9)(*f*), as appearing in St. 1972, c. 543, § 1.

Those claiming injury by an insurance practice that is prohibited by G. L. c. 176D, § 3(9)(*f*), may sue under G. L. c. 93A. *Van Dyke* v. *St. Paul Fire & Marine Ins. Co.*, 388 Mass. 671, 675 (1983).

material, including portions of the deposition of Metropolitan's claims adjustor who had telephoned Choukas's attorney to discuss possible settlement of his underinsured claim. In response, Metropolitan claimed that its attempt to settle the underinsured claim was thwarted by the attorney's inflexible settlement position. Accordingly, Metropolitan argued that Choukas's summary judgment motion should be denied because a genuine issue of material fact existed as to whether his attorney's conduct interfered with meaningful settlement discussions.

After a hearing, a judge allowed Choukas's motion for summary judgment. General Laws c. 176D, § 3(9)(f), as the judge observed, provides that it is an unfair or deceptive act or practice for an insurance company to fail "to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." See note 1, *supra*. Here, the judge ruled that liability was reasonably clear as early as April, 1991 (the time that Metropolitan paid Choukas the policy limits under Powers's insurance policy). Therefore, Metropolitan was required to make a settlement offer in an effort to "effectuate [a] prompt, fair and equitable settlement[]" of Choukas's claim. By failing to do so, the judge concluded, Metropolitan violated G. L. c. 176D, § 3(9)(f).[2] In reaching his conclusion, the judge rejected Metropolitan's claim that its attempts to settle were thwarted by Choukas's attorney's posture. The judge ruled that any bargaining position that Choukas's attorney may have adopted did not preclude Metropolitan from making a settlement offer.

Another Superior Court judge then held an evidentiary hearing on the issue of damages. The judge ruled, based on the evidence at the assessment hearing, that Metropolitan's violation was wilful and knowing. She found that Metropolitan would not have made any offer to settle the underinsured claim in excess of $40,000. The judge further found it likely that Choukas's lawyer would have recommended to Choukas to accept a $40,000 offer and that Choukas would have done so. The judge

---

[2]The judge noted that in refusing to make a settlement offer, Metropolitan violated both its statutory duty and its own internal guidelines as expressed in its settlement manual. Metropolitan's Claim Manual: Investigation and Settlement Techniques — *Disposition and Settlement Techniques*, Section 4.d & f, states in relevant part: "If the attorney's initial demand seems excessive, make a fair offer and explain in detail the reasoning leading to this offer. . . .

"Always keep a settlement door open. Even though you have not reached an agreement on the first call, remember the attorney is just as interested in settling as you are and would rather avoid tying the case up in litigation."

then subtracted from $40,000 the amount of the arbitrator's award (which she erroneously thought was $28,000, not the $25,000 actually awarded by the arbitrator). The judge then doubled that figure ($12,000) because of her ruling that the violation of G. L. c. 176D was wilful and knowing. The judge also awarded Choukas attorney's fees and costs in the amount of $12,400. Accordingly, judgment entered for a total amount of $36,400.

Metropolitan appeals from the allowance of summary judgment, claiming that there existed genuine issues of material fact. It also contests the assessment of damages and attorney's fees and costs awarded by the trial judge. Choukas cross-appeals, claiming that the judge used an improper method to calculate damages after finding that the violation was wilful and knowing.

1. *The allowance of summary judgment.* Metropolitan claims that the judge committed error in allowing Choukas's summary judgment motion because a genuine issue of material fact existed as to whether it was required to make a settlement offer. Further, Metropolitan claims that the materials it submitted to the motion judge raised two other genuine issues of material fact, namely whether Metropolitan's failure to make an offer of less than $89,000 constituted an unfair settlement practice and whether Metropolitan's failure to make an offer less than $89,000 caused injury to Choukas.

"Summary judgment will be upheld when, 'viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.' " *White* v. *Boston*, 428 Mass. 250, 251-252 (1998), quoting from *McDonough* v. *Marr Scaffolding Co.*, 412 Mass. 636, 638 (1992). General Laws c. 176D, § 3(9)(*f*), requires that where liability has become reasonably clear, an insurer has a duty to effectuate a fair, equitable settlement. Liability, as that word is used in the statute, "encompasses both fault and damages." *Clegg* v. *Butler*, 424 Mass. 413, 421 (1997).

There was no genuine issue of material fact as to liability. The materials before the judge demonstrated that Metropolitan's insured (Powers) was 100% at fault for the accident that injured Choukas. As for the damages aspect, there was uncontradicted evidence that (1) Metropolitan knew that Choukas had suffered serious injuries and that he had been totally disabled for a

period of twenty-eight weeks and partially disabled for an additional eight weeks and (2) before the claims adjuster made the telephone call to Choukas's attorney to discuss settlement, she had recommended to her superiors that Metropolitan should raise its reserve on the case to $75,000.

Although liability was reasonably clear, Metropolitan did not tender an offer of settlement to Choukas. It argues, however, that summary judgment should not have been granted, because there was a genuine issue of material fact as to whether it was required to tender an offer in an attempt to obtain a fair, equitable settlement. The insurer points to its claims adjuster's deposition testimony that when she called Choukas's attorney in an attempt to settle the claim, he told her that unless she was prepared to offer $89,000 to settle the matter, she should not bother to make an offer.

We reject Metropolitan's argument. Even if Choukas's attorney told the claims adjuster not to make an offer unless the insurer would meet his $89,000 demand, such settlement tactics did not create a genuine issue of material fact as to whether Metropolitan was required to make an offer.[3] Here, the liability was clear and Metropolitan was aware that Choukas had suffered serious injuries. In these circumstances, Choukas's attorney's settlement tactics did not relieve Metropolitan of its statutory duty to attempt to effectuate a prompt, fair settlement of Choukas's claim and therefore tender an offer to reach that goal.

Metropolitan claims that, in any event, its failure to make an offer did not injure Choukas. "[U]njust delay subjects the claimant to many of the costs and frustrations that are encountered when litigation must be instituted and no settlement is reached." *Clegg* v. *Butler*, 424 Mass. at 419. Choukas was adversely affected and injured by Metropolitan's failure to make an offer, as he had to go through the arbitration proceedings and all the subsequent court actions. See *ibid.* Consequently, the allowance of the motion for summary judgment was appropriate.

2. *Issues concerning the trial judge's decision.* Metropolitan claims that the trial judge committed error in ruling that Metropolitan's G. L. c. 176D violation was wilful and knowing and in the calculation of damages and attorney's fees and costs.

---

[3]It is notable that Metropolitan's own guidelines (see note 2, *supra*) advised its adjusters to make fair offers even if attorneys' demands seemed to be excessive.

a. *Finding that violation was wilful and knowing.* There was evidence before the judge that Metropolitan knew that liability was reasonably clear and that Choukas's injuries were serious. Further, the adjuster testified that she was familiar with the provisions of G. L. c. 176D and the internal guidelines in the claim manual which required her to make an offer even if she believed that the demand was excessive. Nevertheless, she refused to make an offer to attempt to settle the matter. The evidence supported the judge's finding that the violation of G. L. c. 176D was wilful and knowing.

b. *Findings as to damages and attorney's fees and costs.* Both Metropolitan and Choukas challenge the manner in which the judge calculated damages. Metropolitan argues that the award was unsupported by the evidence and that the judge failed to make adequate findings explaining how she determined the damages, attorney's fees, and costs.

In his cross appeal, Choukas contends that because the judge determined that the G. L. c. 176D violation was wilful and knowing, the judge was required to multiply the amount of the $25,000 judgment entered as a result of the arbitrator's award. Metropolitan responds that the arbitrator's award was not a "judgment" and therefore could not be used as the basis for any multiplication of the award.

General Laws c. 93A, § 9(3), as amended through St. 1989, c. 580, § 1, provides in relevant part:

> "[I]f the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation . . . or that refusal to grant relief upon demand was made in bad faith . . . . *For the purposes of this chapter, the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence. . . .*" (Emphasis supplied.)

In *Bonofiglio* v. *Commercial Union Ins. Co.*, 411 Mass. 31, 37 (1991), the court ruled that, although an arbitrator's award arises out of the occurrence underlying a G. L. c. 93A action, "such an award is not a 'judgment' within the meaning of . . . the statute."

However, unlike the facts in *Bonofiglio*, here the arbitrator's award had been reduced to a judgment. General Laws c. 251, § 14, as appearing in St. 1960, c. 374, § 1, provides that "[u]pon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. . . ." Therefore, the basis for multiplying the damages was the amount of the arbitrator's award ($25,000) because judgment had been entered in the Superior Court on the arbitrator's award.

We agree, however, with Metropolitan that the judge did not make detailed findings as to the computation and allocation of the fees, and costs.

The judgment assessing damages, attorney's fees, and costs in a total amount of $36,400 is vacated. The matter is remanded to the Superior Court for recalculation of damages, attorney's fees, and costs in accordance with this opinion and the entry of a new judgment.

*So ordered.*