Agnes, A.J.
The plaintiff has filed a,motion to confirm an arbitration award against the defendant Holyoke Mutual Insurance Company (hereafter, “Holyoke Mutual”). The plaintiff was injured on November 4, 1996, while operating a motor vehicle that was rear-ended by a motor vehicle operated by the defendant, Paula Seaver. The plaintiff reached a settlement with defendant Seaver’s insurance company and obtained the policy limits of the coverage available to her. The plaintiff was unable to negotiate a satisfactory settlement with his own insurer regarding underinsurance coverage. On or about January 12, 1999, the parties agreed to arbitration of the plaintiffs claim regarding underinsurance coverage. On February 22, 1999 an arbitrator ruled in the plaintiffs favor. The defendant Holyoke Mutual promptly paid the plaintiff nearly two hundred thousand dollars in accordance with the arbitrator’s decision. Thereafter, on November 2, 1999, the plaintiff filed the instant action. By his motion, the plaintiff seeks to confirm the award in order to lay the foundation for his unfair claim settlement practice action which is now pending against the defendant Holyoke Mutual. The defendant insurer opposes the motion on grounds that the plaintiff expressly waived his right to seek confirmation and, in the alternative, that the underlying dispute is moot. For the reasons stated below, the plaintiff s motion is ALLOWED.
BACKGROUND
On November 4, 1996, the plaintiff, an attorney, was involved in a car accident with another motorist, Paula Seaver. The plaintiff suffered several injuries including a cerebral contusion. Shortly thereafter, he exhibited signs of a marked deterioration in intellectual functioning and emotional stability. Plaintiffs Motion to Confirm Arbitration Award (hereafter, “Plaintiffs Motion”), exhibit B. The arbitrator’s decision contains detailed findings of fact regarding the plaintiffs medical condition, and his subsequent behavioral changes which have resulted in a significant impairment of his ability to practice law, and to function as a parent and an active member of his community. See Plaintiffs Motion, exhibit B.
The arbitration came about when, after securing the policy limits of the insurance coverage available to defendant Paula Seaver, the plaintiff turned to his own insurer, defendant Holyoke Mutual for underinsurance coverage. The plaintiff alleges that defendant Holyoke Mutual did not act fairly or responsibly in responding to his demand for coverage. See G.L.c. 176D, §3(9)(f). For example, the plaintiff alleges that despite strong evidence supporting his claim, he received no offer of settlement from the defendant until December 31, 1998, and that it was not a reasonable offer. At that point the plaintiff had already incurred medical expenses for over two years.
On January 12, 1999, more than three years after the accident, the plaintiff and defendant Holyoke Mutual agreed to proceed to arbitration. Plaintiffs Motion, exhibit A. The agreement to arbitrate between the plaintiff and the defendant Holyoke Mutual states that the arbitration is to be conducted pursuant to G.L.c. 251, and incorporates a portion of one of the standard rules of arbitration established by the Commonwealth Mediation and Conciliation, Inc. Plaintiffs Motion, exhibit A; Defendant’s Opposition, exhibit B.
On February 22, 1999, the arbitrator awarded the plaintiff $226,038.00 which was reduced to an adjusted gross award of $193,038.00. Several days later, the defendant Holyoke Mutual gave the plaintiff a check in the full amount of the award. The check was deposited by plaintiff and his counsel in March 1999. The arbitrator’s award contains a finding for the plaintiff (“I find that the claimant suffered personal injury as a result of the negligent operation of a motor vehicle operated by Paula Seavor”[2]), acknowledges the insurer’s right to an offset (after deducting “PIP” benefits received by the plaintiff it states that “the insurer is entitled to deduct whatever the claimant has received from the tortfeasor for a net award to be determined between the claimant and the insurer”), and *146 concludes with a statement concerning the scope of the award (“This award is in full settlement of all claims and counterclaims submitted”).
On November 2, 1999, nine months after the arbitration award and acceptance of payment by Holyoke Mutual, the plaintiff brought the instant case charging the defendant Holyoke Mutual with violations of G.L.c. 176D and c. 93A for its alleged unfair and deceptive business practices and unfair claim settlement regarding the plaintiffs under insured motorist claim.
DISCUSSION
The defendant opposes the confirmation of the arbitrator’s award on two principal grounds. First, the defendant Holyoke Mutual contends that under the terms of the agreement to arbitrate, the plaintiff waived his right to seek confirmation of the arbitrator’s award. Second, the defendant contends that even if a waiver is not found, confirmation should not be entertained because the acceptance of payment of the award renders the matter moot.
A. The Plaintiff Did Not Waive His Right to Obtain Confirmation
In agreeing to submit their dispute to arbitration, the parties selected Commonwealth Mediation and Conciliation, Inc. (hereafter, “CMCI”). The agreement to arbitrate states that Mr. Paul A. Finn should arbitrate the matter, and, after hearing the evidence, issue an award. Also, it provides that “parties agree that this arbitration shall be conducted pursuant to M.G.L.c. 251 and the parties incorporate by reference CMCI Rule Number 36 with the exception of subpart 36(c).” Defendant’s Opposition, exhibit A.[3]
Subpart 36 of the CMCI rules for arbitration reads as follows:
36. Applications to Court and Exclusion of Liability
(a) No judicial proceeding by a party relating to the subject matter of arbitration shall be deemed a waiver of the party’s right to arbitrate.
(b) Neither C.M.C.I. nor any Arbitrator in a proceeding under these rules is a necessary party in judicial proceedings relating to the arbitration.
(c) Parties to these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.
(d) Neither C.M.C.I. nor any Arbitrator shall be liable to any party for any act or omission in connection with any arbitration conducted under these rules."
The defendant maintains that the agreement of the parties in this case to omit subpart 36(c) of the CMCI rules from the arbitration agreement constituted a waiver by the plaintiff of the right to apply for confirmation of the award. Yet there is no necessary relationship between subpart 36(c), quoted above, and G.L.c. 251, §11, which provides, in part, that “(u]pon application of a party, the court shall confirm an award . . .” Subpart 36(c) merely provides that the parties give up in advance any right to object to the confirmation of an arbitrator’s award. When included in the rules governing an arbitration, it might be understood to preclude a party from raising any objection to the confirmation of an award, even those limited objections set forth in G.L.c. 251, §13. that must be raised within thirty days of the filing of the application for confirmation (miscalculation or mistake, excess of jurisdiction, or other imperfection). By omitting it from the terms of the arbitration, the parties preserve their right to raise objections to the confirmation of the award to the extent permitted by G.L.c. 251. In view of the express agreement of the parties in this case “that this arbitration shall be conducted pursuant to G.L.c. 251,” and the plain language of G.L.c. 251, § 11, there is no basis on which to conclude that the parties intended that an award in favor of the plaintiff would not be subject to confirmation.
Each of the parties has cited and placed reliance on Metropolitan Property and Casualty Insurance Company v. Choukas, 47 Mass.App.Ct. 196 (1999). Choukas involves a similar fact pattern in which a motorist was rear-ended by another vehicle and later, after settling for the policy limits with the insurer of the other vehicle, sought recovery from his own insurer under his underinsured motorist coverage. When the parties in Choukas could not reach agreement on the terms of a settlement, the insurer brought an action in the Superior Court under G.L.c. 251, §2(a) for an order to proceed to arbitration. The injured motorist counterclaimed alleging that the insurer had breached its obligation to effect a prompt, fair and equitable settlement of his underinsured claim. The case went to arbitration. An award was made in favor of the motorist. He declined to accept the check tendered by the insurance company for the full amount of the award and instead sought confirmation of the award under G.L.c. 251, §14. The motorist obtained a judgment in the amount of the arbitrator’s award, obtained an execution and was paid the amount by the insurance company. Id. at 197-98. Following confirmation, the trial court granted a motion for summary judgment by Choukas on grounds that the insurer’s liability was reasonably clear prior to the filing of the complaint for arbitration, and that its failure to make a settlement offer was a violation of its duty under G.L.c. 176D, §3(9)(f). A second trial court judge conducted a hearing on damages and found that the insurer’s violation was willful and knowing and awarded double damages along with attorneys fees and costs. Id. at 198-99.[4]
One of the issues faced by the Appeals Court in Choukas concerned the formula for calculating damages. The arbitrator had awarded damages in the amount of $25,000. In considering the question, the Appeals Court noted that although an arbitrator’s *147 award is not a “judgment” as that term is used in G.L.c. 93A. §9(3) (providing for multiple damage awards), id. at 201, citing Bonofigilio v. Commercial Union Insurance Co., 411 Mass. 31, 37 (1991), here the award had been confirmed and reduced to a judgment under G.L.c. 251, §14. Id. at 202. “Therefore, the basis for multiplying the damages was the amount of the arbitrator’s award ($25,000) because judgment had been entered in the Superior Court on the arbitrator’s award.” Id.
In the present case, the plaintiff suggests that by pressing his motion for confirmation he is simply responding to the holding in the Choukas case that requires the existence of a judgment in order to trigger the multiple damage award feature of G.L.c. 93A, §9(3). The defendant counters with two arguments. First, the defendant contends that unlike the situation in Choukas, in the present case there was no court ordered arbitration and no bad-faith settlement practice claim filed prior to the arbitration hearing here. Second, the defendant seeks to distinguish Choukas on grounds that in the present case the plaintiff accepted the defendant’s check in payment of the arbitrator’s award before suit was filed and that he therefore waived any right to later move for confirmation.
There is nothing in the case law or statutes regulating claims against insurance companies for bad faith settlement practices that prohibits an injured party from adopting a strategy in which prior to filing suit every effort is made to recover monies under a policy of insurance on the underlying claim for coverage, including underinsurance coverage, by means of a negotiated settlement or an arbitrator’s award. Either approach may be preferred for a number of reasons. Apart from the expense of filing suit and the burden of responding to discovery by the defendant insurance company, the negotiation-first or arbitration-first strategy may enhance the injured party’s position by helping to maintain a better relationship between the disputants than that which would exist if suit was filed. It also may lead to a quicker resolution of the dispute. When an injured party has incurred medical and other expenses and lost income as a result of another’s negligence, it is understandable why the injured party may require or desire a recovery as soon as possible. Obviously, in such a case the parties could reach a settlement of all claims, and as a result there may be no subsequent litigation. On the other hand, a settlement of an underlying claim such as the underinsured motorist coverage claim in this case, does not foreclose further proceedings in which the injured party could litigate a claim for bad faith settlement practices. Likewise, an arbitration award such as the one involved in this case does not necessarily foreclose a subsequent suit for damages under G.L.c. 176D.
Contrary to the defendant’s view, the question here is not whether the plaintiff delayed filing suit or accepted the proceeds of a settlement or an arbitrator’s award before filing suit, but rather whether the parties intended that a settlement agreement or an arbitration award was in full satisfaction of all claims including those based on G.L.c. 176D, §3{9)(f). The burden of establishing that an injured party’s claim was settled in its entirety by his acceptance of payment by the other party in conformance with an arbitrator’s award rests upon the party making the payment. See Belli v. Forsyth, 301 Mass. 203, 206 (1938). In the present case, there is no indication in the record, including, in particular, the arbitration agreement between the parties, Plaintiffs Motion, exhibit A, that the arbitrator considered the conduct of the defendant Holyoke Mutual in connection with the earlier efforts at settlement between plaintiff and defendant over the underinsured motorist coverage. There is nothing in the arbitrator’s award that indicates or even suggests that the conduct of the defendant Holyoke Mutual was in issue. Plaintiffs Motion, exhibit B.[5] See Fazio v. Employers’ Liability Assurance Corp. Ltd., 347 Mass. 254, 257 (1964) (“It is the legal presumption, unless the contrary appears, that arbitrators pursue the submission and decide only the matters therein contained”) (quotation omitted). Thus, based on a consideration of the terms of the arbitration agreement between the parties and the award, plaintiff did not waive his right to apply for confirmation under G.L.c. 251, §11.
B. The Case is Not Moot
The agreement to arbitrate signed by the parties makes reference to a single claim, namely, the plaintiff s contention that he was entitled to his under-insured motorist coverage. Plaintiffs Motion, exhibit A (“The undersigned hereby agree to arbitrate the above-referenced underinsured motorist claim”). The arbitrator’s decision makes it clear that the award “is in full settlement of all claims and counterclaims submitted.” Plaintiffs Motion, exhibit B. The only claim submitted to arbitration was the underinsured motorist coverage claim. Although it is fair to say that the plaintiffs bad-faith settlement claim under G.L.c. 176D and c. 93A arose prior to the agreement to arbitrate and thus prior to the arbitration award, the parties did not agree to include such a claim in the arbitration, and there is no evidence that the arbitrator considered it. The fact that the plaintiff chose to wait until after the arbitration award to file his claim under G.L.c. 176D and c. 93A against defendant Holyoke Mutual reflects a litigation strategy which is entirely understandable in light of the evident need that he and his family had to secure funds to cover medical and living expenses.
Under G.L.c. 251, §11, the plaintiff has a right to obtain confirmation of an arbitrator’s award unless the defendant moves in a timely manner to vacate, modify or correct it. The defendant Holyoke Mutual did no such thing in this case. G.L.c. 251, §11 does not contain a time limit within which a party must move *148 for confirmation. See Wolfer v. Farm Bureau Insurance Co., 128 Idaho 398, 401, 913 P.2d 1168, 1171 (1996); Carlen v. Miami Hardware & Appliance Company, Inc., 113 Ohio.App.3d 220, 223. 680 N.E.2d 717, 719 (1996). Nonetheless, the defendant Holyoke Mutual argues that the plaintiffs acceptance of full payment of the award renders the controversy between the parties over that matter moot. This court has previously addressed this issue in a similar case. See Hanna v. Berkshire Mutual Insurance Co., No. 92-5082, slip at 1 (Mass.Super. Ct.) (April 21, 1993) (Flannery, J.). In Hanna, the plaintiff was involved in an automobile accident, filed an underinsured motorist claim with his insurance company, and three years later participated in arbitration which resulted in an award in his favor. After the arbitration was completed and a check was issued (but prior to actual receipt of the check), the plaintiff filed an action to confirm the award, but later dismissed it after full payment of the award by the insurance company. Thereafter, the plaintiff commenced another action for bad faith settlement practice against the same insurance company under G.L.c. 176D and c. 93A. He also sought independently (ier voluntary dismissal of an action to confirm the arbitration award and moved to confirm the award in order to facilitate his claims pursuant to G.L.c. 176D and c. 93A. See id.
In Hanna, the parties cross-motioned for summary judgment. The plaintiff claimed that because the defendant did not challenge the arbitration award itself it should be confirmed pursuant to G.L.c. 251, §11. The defendant argued that it had fully satisfied its obligations to the plaintiff by paying the award and that the case for confirmation was therefore moot. In adopting the defendant’s position, the Superior Court reasoned as follows.
Defendant Berkshire having already paid the arbitration award in full to plaintiff Hanna, the legitimate purposes behind M.G.L. 251, §11 would not be served by confirmation of the award at this point, and would instead only serve to create a technical bypass of the Bonofiglio rule.
Id. at 5. In order to assess this reasoning, it is necessary to examine the court’s decision in Bonofiglio. There, as in the present case, the operator of a motor vehicle was injured in an automobile collision due to the negligence of two other drivers. The injured party turned to his own insurer’s underinsurance coverage because the policy limits on the coverage available to the other motorists was not sufficient to satisfy his damages. After efforts to settle the claims were unsuccessful, the injured motorist went to arbitration with his insurer. The injured motorist received a significant award from the arbitrator which the insurance company promptly paid. The motorist then filed a suit alleging that the insurance company had violated its duty to make a good faith settlement offer and sought damages consisting of the interest on the award by the arbitrator on the theory that the insurance company's unfair practices caused a delay in the payment to which he was entitled along with attorneys fees and multiple damages. The motorist prevailed after a trial by jury, and was awarded twice his actual damages (a figure that represented interest on the arbitrator’s award). After trial, the injured motorist moved the court for damages in an amount representing twice that awarded by the arbitrator. This motion was denied by the trial judge. Bonofiglio. 411 Mass. at 32-36.
On appeal, the Supreme Judicial Court upheld the trial judge’s decision not to double the amount of the recovery that represented the award by the arbitrator. The court acknowledged that a multiple damages award was available under G.L.c. 93A, §9, but that the statute applied only to a “judgment.” “The arbitrator’s award certainly arises out of the occurrence underlying the c. 93A action, but such an award is not a ‘judgment’ within the meaning of this provision of the statute . . . The term ‘judgment’ has acquired a peculiar meaning in law; it is founded on a decision by a court, not on an award by an arbitrator.” Bonofiglio, 411 Mass. at 37. As a result, the court concluded that because the plaintiff brought his action to recover only the interest on the insurance proceeds which were unfairly denied to him for a period of time, that was the only amount of recovery that was subject to the multiple damage provision of G.L.c. 93A, §9.
In Bonofiglio, therefore, the Supreme Judicial Court merely drew a distinction between an arbitrator's award and a judgment under Mass.R. Civ.P. 54(a) and interpreted G.L.c. 93A, §9 to apply only to the latter. Because the plaintiff in Bonofiglio sought no more than the interest he lost on the amount of the recovery awarded by the arbitrator, there was no basis for the allowance of his post-trial motion to multiply the recovery awarded by the arbitrator. The Supreme Judicial Court did not reach the questions presented in this case and did not suggest that the only measure of damages under G.L.c. 93A, §9 in a case such as this is the interest lost on the delay in securing the monies awarded by the arbitrator.
Prior to filing his motion to confirm the arbitrator’s award in this case, plaintiff filed a complaint in which he clearly stated that he was not limiting his damages to the interest he lost on the monies that were awarded by the arbitrator. In his complaint, he makes reference to the arbitrator’s award and states a claim in count III that encompasses a multiple of that award. The plaintiff also expressly includes in count VII a request for confirmation of the arbitrator’s award. Thus, at the time the motion for confirmation of the arbitrator's award was filed in this case a genuine controversy existed between the plaintiff and Holyoke Mutual with reference to arbitrator’s award even though the insurance company had paid the award. This is not a case in which an accord and satisfaction between the parties renders confirmation of the arbitrator’s award *149 academic. Contrast, McDonald v. Allstate Ins. Co., 408 So.2d 580. 582-83, (Fla.Ct.App. 1982). This is not a case in which the plaintiff seeks to use the process of confirmation to modify an award that was in full satisfaction of all claims. Contrast, Mausbach v. Lemke, 110 Nev. 37, 40, 866 P.2d 1146, 1148-49 (1994). The alleged wrong by defendant Holyoke Mutual in not making a good faith settlement offer was still a live issue and the arbitrator’s award had practical legal significance in relation to that live issue because if confirmed and made a judgment it could result in an award of multiple damages. See Mullholland v. State Racing Commission, 205 Mass. 286, 289 (1936).
To suggest otherwise, as argued by the defendant Holyoke Mutual and as determined in Hanna, means that an injured motorist, who is frustrated by an insurance company’s unwillingness to make a good faith offer of settlement when he or she believes liability is reasonably clear, and who then agrees (or is ordered) to participate in arbitration with respect to the basic issues of coverage and liability, and is awarded a recovery, would be required to decline payment in full by the insurance company in order to litigate his or her claims under G.L.c. 176D and c. 93A and recover the total amount of damages contemplated by those statutes. Such a result would be unfair and contrary to the public policy in favor of arbitration. Thus, I decline to follow the reasoning in Hanna.
The plaintiff has availed himself of the judicial process in order to take full advantage of the remedies provided by the legislature in G.L.c. 93A and c. 176D. While resort to private dispute resolution is encouraged, it should not be permitted to become a trap in which a party is forced to choose between a rapid recovery of limited damages or a delayed recovery of full damages including any multiple damages and attorneys fees as provided by law.
ORDER
For the foregoing reasons, it is hereby ordered that the plaintiffs application for confirmation of an arbitration award be ALLOWED. See G.L.c. 251, §11. Judgment shall enter on count seven of the plaintiff s complaint against defendant Paula Seaver and defendant Holyoke Mutual in the amount of $226,038.00.[6] See G.L.c. 251, §14.

In the arbitrator’s decision, the defendant’s named is spelled “Seavor,” but in the papers on file in this case it is spelled “Seaver.” The latter spelling is used throughout this case.

The arbitration rules of CMCI consist of 39 sub-parts along with special rules governing three-arbitrator panels and an appendix of forms. Defendant's Opposition, exhibit B.

The principal issue on appeal in Choukas was whether or not the insurer was required to make a good-faith settlement offer in circumstances in which counsel for the injured party informed it that his client would accept only slightly less than the limits of the underinsured coverage, but no less than that. In upholding the tried court, the Appeals Court observed that even if an injured party’s initial demand is unreasonable or excessive, the insurer has a duty under G.L.c. 176D, §3(9)(f) to make a good faith offer of settlement in circumstances m which its liability is reasonably clear. Id. at 200. The Appeals Court quoted Clegg v. Butler. 424 Mass. 413, 419 (1997). in which the Supreme Judicial Court observed that "unjust delays subject the claimant to many of the costs and frustrations that are encountered when litigation must be instituted and no settlement is reached.”

The first sentence of the arbitrator’s award is telling in this regard. It reads as follows: “This is an underinsured claim.” Plaintiffs Motion, exhibit B.

The settlement between the plaintiff and defendant Seaver's insurer was not accompanied by a release of liability. At oral argument, counsel for the plaintiff indicated that he had no intention to pursue any further relief against defendant Seaver and would move to discharge her from any judgment in this case. The defendant Seaver does not oppose this result.