NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-441

STONEGATE GROUP MANAGEMENT, LLC

vs.

TUCARD, LLC, & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal concerns a dispute over the defendants', Tucard, LLC (Tucard), Joseph DiCarlo, Jr., and Frank Polak, failure to transfer real property in Dracut to the plaintiff, Stonegate Group Management, LLC. A Superior Court judge granted partial summary judgment in favor of the plaintiff, awarding specific performance and declaratory relief, and after a jury trial on damages, a different Superior Court judge awarded the plaintiff monetary relief for the defendants' violation of G. L.

---

[1] Joseph DiCarlo, Jr., and Frank Polak. Although a defendant in the underlying action, Polak is not a party to this appeal.

c. 93A, § 11.[2]  The appealing defendants assert that the motion judge erred by improperly determining that there was an enforceable contract between the parties, and that the trial judge erred in awarding c. 93A damages and attorney's fees.  We affirm.

Background.  We summarize the material facts, all of which are undisputed.  Trustees of Boston Univ. v. Clough, Harbour & Assocs. LLP, 495 Mass. 682, 683 (2025).

DiCarlo and Polak are equal members of Tucard, which owns the property in Dracut.  On September 23, 2020, the plaintiff executed a formal offer to purchase the property for $8.5 million, which was signed by all the parties.  The offer identified the parties, described the property, and provided for a closing within fifteen days of the end of the due diligence period.  The offer also contained the following language:  "Each of our obligations hereunder are made subject to the execution of a purchase and sale agreement which shall be mutually satisfactory to each of us. . . ."

Over the next few months, the parties exchanged several drafts of a purchase and sale agreement (P&S), and the plaintiff expended thousands of dollars performing due diligence. Although the plaintiff learned that the defendants had not

_____

[2] Prior to the jury trial, Polak was dismissed from the suit.

2

produced a lease for one of the property's tenants, the plaintiff was still willing to purchase the property and sign the P&S. On December 17, 2020, the plaintiff emailed Tucard an executed copy of a revised P&S, agreeing to all the defendants' prior suggested revisions. The defendants made no changes to that P&S. Polak signed the P&S, but DiCarlo refused to sign. The property was never transferred.

The plaintiff filed a verified complaint in the Superior Court, seeking declaratory relief pursuant to G. L. c. 231, § 1, and alleging breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, misrepresentation, and violation of c. 93A. The plaintiff also requested an endorsement of memorandum of lis pendens[3] and order for specific performance. All claims relate to the defendants' failure to transfer the property.

Discussion. Standards of review. We review the judges' decisions on the motions for summary judgment and a directed verdict de novo, assessing each while viewing the evidence in the light most favorable to the nonmoving party. Donaldson v. Farrakhan, 436 Mass. 94, 96 (2002). We also review other questions of law de novo, see Robinhood Fin. LLC v. Secretary of

_____

[3] In an unpublished decision, a panel of this court vacated the endorsement of the memorandum of lis pendens and dissolved the lis pendens. See Stonegate Group Mgmt., LLC. v. Tucard, LLC, 101 Mass. App. Ct. 1108 (2022).

the Commonwealth, 492 Mass. 696, 707 (2023), and review decisions concerning attorney's fees for any abuse of discretion, Blake v. Hometown Am. Communities, Inc., 486 Mass. 268, 284 (2020).

Summary judgment. The motion judge properly granted the plaintiff partial summary judgment, and the defendants' contentions that there was no binding agreement are unavailing. When parties have agreed upon all the material terms in an offer -- even where there is a provision that the offer was "[s]ubject to a [purchase and sale] satisfactory to Buyer and Seller" -- the document is a binding agreement. See Ferguson v. Maxim, 96 Mass. App. Ct. 385, 391 (2019), quoting McCarthy v. Tobin, 429 Mass. 84, 85 (1999). Here, the offer accepted by the defendants contained all necessary material terms -- it identified the buyer and seller, the property to be conveyed, a purchase price, a prospective date for the closing, and was supported by consideration. McCarthy, supra at 88. The defendants have failed to identify any material term not agreed to in the offer. That the offer contained conditions and limited uncertainties does not mean there was no contract. See Lafayette Place Assocs. v. Boston Redev. Auth., 427 Mass. 509, 518 (1998), cert. denied, 525 U.S. 1177 (1999).

As to the defendants' claim that the environmental liens were material to the deal, there is no evidence in the record

4

that the defendants ever expressed concern about the responsibility for the liens' discharge or ever suggested that anyone other than the seller would have such responsibility. The post-acceptance evidence relied on by the defendants as proof that they never intended to be bound by the offer is irrelevant; it is the intention of the parties at the time the offer was executed which is binding, and reserving nonessential terms for later does not preclude formation of a contract. See McCarthy, 429 Mass. at 87. The motion judge's partial grant of summary judgment for the plaintiff and denial of the defendants' cross-motion for summary judgment were appropriate.[4]

Directed verdict. The defendants assert that the trial judge erred in denying their motion for a directed verdict on the c. 93A claim, claiming here that "none of th[e] evidence bespeaks misrepresentation by DiCarlo or a c. 93A violation committed willfully or knowingly." At trial, however, the defendants limited their motion to arguments that "[m]ere breach of contract alone in the form of terminating negotiations is insufficient to prove violation of c. 93A" and that the plaintiff "cannot prove any resulting loss of money or

_____

[4] The defendants claim several errors deriving from the summary judgment decision, regarding the denial of their motion to reconsider and the ultimate award of attorney's fees, injunction, and attachment. Since we conclude that summary judgment was appropriate, see supra, there was no error in these decisions.

property."  The defendants' arguments raised here are thus waived.  See Bonofiglio v. Commercial Union Ins. Co., 411 Mass. 31, 34 (1991) (motion for directed verdict must state specific grounds for motion).[5]

Damages.  The defendants assert that the plaintiff's award of specific performance and damages was incorrect as a matter of law, claiming that the two remedies are mutually exclusive.  We disagree.

Generally, a party aggrieved by a breach of contract is entitled to either specific performance or an award of damages, not both.  See K.G.M. Custom Homes, Inc. v. Prosky, 468 Mass. 247, 256 (2014).  See also Connihan v. Thompson, 111 Mass. 270, 271-272 (1873) (remedies of specific performance and damages for breach are "alternative remedies, but not inconsistent" as both affirm validity of contract; plaintiff may be required to elect which he will further prosecute).  At times, however, a monetary award may accompany specific performance.  Here, the trial judge awarded damages pursuant to his finding that the defendant violated c. 93A; we have held such damages proper when awarded alongside specific performance to a party aggrieved by a breach

---

[5] The defendants also assert that the trial judge erred in refusing to adopt the jury's advisory findings on the c. 93A claim.  It was within the trial judge's discretion to reserve this claim from the jury, and we find no error in his decision. Linkage Corp. v. Trustees of Boston Univ., 425 Mass. 1, 22 n.31 (1997), cert. denied, 522 U.S. 1015 (1997).

of contract, and we likewise affirm them here.  See <u>Motsis</u> v.

<u>Ming's Supermkt., Inc</u>., 96 Mass. App. Ct. 371, 379-381 (2019).

<u>Amended judgment affirmed</u>.

By the Court (Desmond,
D'Angelo & Smyth, JJ.[6]),

Clerk


Entered:  February 9, 2026.

---

[6] The panelists are listed in order of seniority.