Toomey, J.
This is an action arising from an accident in which the plaintiff was injured by an unknown motor vehicle while he was walking. The plaintiff alleges that he lives with his nephew, Juan Reyes. Reyes owns an automobile policy issued by defendant, Arnica Mutual Insurance Company, which extends coverage to “household members” for such accidents. The plaintiff argues that for the purposes of this policy, he is a “household member” and is entitled to benefits from the defendant.
The complaint raises claims for personal injury as well as a claim under G.L.c. 93A. In addition, plaintiff moves to proceed to arbitration pursuant to G.L.c. 251.
DISCUSSION
The question presented by the motion is whether a dispute about the definition of “household member,” as that term is employed in a policy of insurance, is subject to arbitration.
Concededly, issues that concern “the insured’s rights against the owner and operator of the uninsured motor vehicle” are subject to arbitration. Royal Indemnity Company v. Blakely, 372 Mass. 86 (1977). The Appeals Court has held specifically, however, that an arbitration panel does not have the authority to decide questions of coverage under an insurance policy materially indistinguishable from the policy at bar. Lumberman’s Mutual Casualty Company v. Malacaria, 40 Mass.App.Ct. 184 (1996).
At bar, the issue is not one of the insured’s rights against the unidentified driver. Rather, the dispute involves the interpretation of a clause in the insurance contract. The determination of “household member” is a coverage issue since it involves a determination as to whether or not the plaintiff is in fact covered by his nephew’s policy. Therefore, because this question presents a coverage issue, the question is not subject to arbitration and should proceed to trial.
ORDER
For the foregoing reasons, the court ORDERS that the plaintiffs Motion For Arbitration is DENIED.