Fremont-Smith, J.
This matter, which was before the court on September 8, 2000, is a petition, by the plaintiff Elvis Hernandez (“Hernandez”), seeking to compel arbitration of his claim for bodily injury caused by an uninsured vehicle. The defendant, Commerce Insurance Company (“Commerce"), opposes arbitration, and has filed a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) on the ground that the plaintiff has failed to state a claim upon which relief can be granted. For the reasons stated below, defendant’s motion to dismiss is DENIED and the defendant is hereby ORDERED to proceed to arbitration.

BACKGROUND

The case arises out of a motor vehicle accident on August 3, 1997, when Hernandez was a passenger in a motor vehicle driven by his friend, Tony Guzman (“Guzman"). The vehicle was struck by another car on Columbia Road, Dorchester, Massachusetts. Hernandez alleges he sustained personal injuries as a result of the accident, which he alleges was a “hit-and-run.” Commerce contends that the accident was not a hit-and-run, but that the insured (Guzman) vehicle was pulling out of a parking space when another vehicle, whose driver has been identified, collided with Guzman’s vehicle causing personal injuries and damages.
Hernandez applied to Commerce to recover uninsured benefits pursuant to Guzman’s insurance policy. On February 3, 1998 and September 20, 1999, Commerce denied Hernandez’s claim on the grounds that there was insufficient evidence of whether the accident was a covered loss and.that Hernandez had breached the cooperation clause of the insurance policy by making material misrepresentations during the investigation and failing to submit to two medical examinations.[1] Commerce also alleges that the other vehicle involved in the accident was not uninsured and unidentifiable, as the plaintiff contends, but rather the owner of the vehicle was identified through Commerce’s investigation and insured with Horace Mann Insurance Company.[2]

Standard of Review

“When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well-pleaded factual allegations of *308 the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor.” Fairney v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 371 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

DISCUSSION

A party aggrieved by the failure or refusal of another to proceed to arbitrate under an agreement may apply to the Superior Court for an order directing the parties, to proceed to arbitration. G.L.c. 251, §2(a). “[A] provision in a written contract to submit to arbitration any controversy thereafter arising . . . shall be valid, enforceable, and irrevocable, except upon the grounds that exist at law or in equity for the revocation of any contract.” G.L.c. 251, §1. In order for a person to be compelled to arbitrate a dispute under a contract containing an arbitration clause, both persons must be a party to that contract. See Computer Corp. of America v. Zarecor, 16 Mass.App.Ct. 456, review denied, 390 Mass. 1103 (1983). The insurance contract provides: “ftjhe determination as to whether an injured person is legally entitled to recover damages from the legally responsible owner or operator will be by agreement between us and the injured person. The amount of damages, if any, will be determined in the same way. Arbitration will be used if no agreement can be reached.” Massachusetts Automobile Insurance Policy 6th Ed., at 9. The statute similarly provides: “(wlhether the insured or his legal representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the insurer or, if they fail to agree, by arbitration.” G.L.c. 175, §11 ID. Commerce is clearly a party to the contract and Hernandez, as a passenger in the vehicle of the insured, is an intended beneficiary of the contract.
Defendant cites Lumbermens Mutual Cas. Co., v. Malacaria, 40 Mass.App.Ct. 184, 188-89 (1996), for the proposition that only damages questions, but not coverage questions, are arbitrable. There, the Court said:
In plain terms, this provision commits to arbitration the determination whether an injured party such as Nancy Malacaria can recover damages under the policy from the operator of another vehicle, and, if so, the amount of damages. These matters typically involve factual determinations of relative or comparative fault, and the extent of injuries proximately caused by the other motorist’s fault. By contrast, the provision does not contemplate that legal questions involving the insurer’s possible liability to the insured under the policy will be determined through arbitration.. Hence, we do not think that Lumbermens was contractually bound by its policy to submit to arbitration a coverage question, such as the one here presented.
But the court’s statement must be understood in the context of the coverage dispute in that case, which involved a purely legal coverage question whether the exclusion clause contained in the policy prevented the “stacking” of additional policies, and did not turn, as here, on disputed factual issues. Here Commerce admits that coverage was denied based on fraudulent conduct, lack of cooperation, as well as and whether there was a hit-and-run operator who can not be identified, all of which are disputed issues of fact. In cases where coverage has turned on factual issues, such as are raised in this case, rather than on the scope and meaning of the policy or of the statutes, Massachusetts courts have held that the proper forum is arbitration. See Employers’ Fire Ins. Co. v. Garney, 348 Mass. 627, 631-632 (1965); Allstate Insurance Co. v. Harris, 26 Mass.App.Ct. 1017, 1019 (1989). This court does not read Malacaria to change the rule enunciated in these cases.

ORDER FOR JUDGMENT

For the foregoing reasons, it is hereby ORDERED that the plaintiffs complaint for the appointment of an arbitrator is ALLOWED, and the defendant’s motion to dismiss is DENIED. Final judgment is to enter in favor of the plaintiff ordering Commerce Insurance Company to submit to arbitration.

 “After an accident or loss, you or anyone else covered under this policy must cooperate with us in the investigation, settlement and defense of any claim or lawsuit.” Massachusetts Automobile Insurance Policy, at 32.

 The coverage includes “bodily injuiy to people injured or killed in certain accidents caused by uninsured or hit-and-run autos . . . We will pay for hit-and-run accidents only if the owner or operator causing the accident cannot be identified.” Massachusetts Automobile Insurance Policy 6th Ed., at 7.