Agnes, A.J.
This is a civil action in which the plaintiff Joseph Nasta (“plaintiff’) has requested an order to compel Premier Insurance Company (“defendant”) to submit to arbitration, pursuant to G.L.c. 251, §3, which reads, in pertinent part, “If the arbitration agreement provides a method of appointment of arbitrators, such method shall be followed . . . [I]f the agreed method fails or for another reason cannot be followed, the court on application of a party shall appoint an arbitrator.” Specifically, plaintiff wishes to submit issues concerning the availability of both uninsured and underinsured benefits in the same case, and claims for relief under G.L.c. 176D and 93A arising out of the same occurrence.
BACKGROUND
The essential facts are not in dispute. On June 28, 2002, plaintiff Joseph Nasta (“Plaintiff’) was involved in a multi-car accident on Interstate 93N in Andover, MA. Plaintiff maintains that while operating in the right lane, his vehicle was struck by an unknown hit and run vehicle, causing his automobile to careen out of control across the right two lanes and collide with the guard rail on the left side of the highway. Plaintiff thereafter exited his vehicle, walked around to the rear in order to survey the damage, when the disabled vehicle was struck by another car driven by one Joshua Kigazi. In the course of this incident, Plaintiff was severely injured.
Plaintiff was insured by the defendant, Premier Insurance Company (“defendant”), with uninsured/underinsured motorist limits of $250,000 per person and $500,000 per accident. With Premier’s permission, Plaintiff settled his claim with Mr. Kigazi, who was insured only for the compulsoiy minimum, $20,000. Plaintiff now wishes to arbitrate his under-insured claim (Mr. Kigazi being the primary tortfeasor) and his uninsured claim (the unknown driver being the primary tortfeasor). The plaintiff maintains that his total damages as a result of the conduct of both the unknown hit and run driver and of Mr. Kigazi, constitutes two accidents for which he is entitled to compensation from defendant under his uninsured and underinsured coverage.[1] The defendant, however, has taken the position that only one accident occurred, and as such the policy does not provide coverage for both uninsured and underinsured benefits. Thus, the defendant refuses to arbitrate what it characterizes as the coverage issue (whether the policy permits an injured party to recover underinsured and uninsured benefits as a result of a single accident). Instead, defendant advised the plaintiff that it would agree to submit factual questions regarding the potential negligence of the operators who allegedly struck the plaintiffs vehicle and the issue of the plaintiffs potential comparative negligence to arbitration, but that it was premature to submit coverage issues to arbitration.[2]
Plaintiff further wishes to arbitrate claims of violations by Premier of G.L.c. 176D and G.L.c. 93A (the “93A claims”). Plaintiff alleges that Premier failed to make a reasonable offer of settlement in a case where liability has become clear, that Premier has failed to submit all claims to arbitration, and that Premier hired Plaintiffs lead trial counsel close to the original arbitration date. Premier again responds that arbitration is not the appropriate forum to decide such claims, because the Seventh Edition of the Massachusetts Auto Insurance Policy only compels parties to submit to arbitration disputes concerning damages and liability.
*502 DISCUSSION
A.Introduction
The defendant opposes the motion to compel arbitration on two grounds. First, the defendant maintains that in deciding whether the incident of June 28, 2002 consisted of one or two accidents, the arbitrator would be ruling on a coverage issue, an issue it is not contractually bound to arbitrate.[3] Secondly, defendants argue that it is improper for an arbitrator to rule on the 93A claims, as they are, along with coverage issues, outside the scope of the agreement to arbitrate clause of the insurance policy.
B.The Scope of the Arbitration Clause in this Case
The central issue of this case revolves around the scope of the arbitration clause found in the Seventh Edition of the Massachusetts Auto Policy, which reads, with respect to the uninsured/underinsured motorist portion, as follows:
The determination as to whether an injured person is legally entitled to recover damages from the legally responsible owner or operator will be by the agreement between us [the insurance company] and the injured person. The amount of damages, if any, will be determined in the same way. Arbitration will be used if no agreement can be reached.
In interpreting the arbitration clause, the court is compelled to adhere to the Supreme Judicial Court’s opinion in Drywall Systems, Inc. v. ZVI Construction Co., Inc., which held that, “Where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute.” 435 Mass. 664, 666 (2002) (quotations omitted, emphasis added).
Although the arbitration clause interpreted in Drywall is somewhat broader than the one found in the Seventh Edition of the Massachusetts Auto Insurance Policy, the clause in question must still be interpreted consistent with Drywall’s instruction. The defendant characterizes the clause as narrow and exhaustive, but gives no reason for such characterization. For an arbitration clause to be deemed “narrow,” it must include words of limitation. Local Union No. 1710 v. City of Chicopee, 430 Mass. 417, 424 (1999). While the clause may not be as broad as some arbitration clauses which specify that they encompass all disputes regarding an agreement, AT&T Techs., Inc. v. Communications Workers, 475 U.S. 643, 645 (1986), it is not a narrow arbitration clause, because it does not contain specific limitations. Local Union No. 1710, supra.
B. Determination as to the
Number of Accidents is Proper
The defendant is correct that it may not be compelled to submit coverage issue to arbitration. Lumbermans Mutual Casualty Company v. . Malicaria. 40 Mass.App.Ct. 184, 188-89 (1996). However, its characterization of the question of single versus multiple accidents as a coverage issue does not make it so. Simply because an arbitrator’s determination of an issue submitted to arbitration is dispositive relative to the insurer’s liability does not make it a coverage issue. If that was that the case, any factual determination could potentially be one of coverage. The defendant relies heavily on Lumbermans, which held that insurance companies need not submit coverage issues to an arbitrator in an uninsured/underinsured setting. Id. Decided by the Appeals Court before Drywall, supra, the Lumberman’s court held that the question of whether the regular use exclusion provision found in Frank Malacaria’s policy precluded his daughter from collecting compensation was a coverage issue that was outside the ambit of the arbitration clause. Id. at 187. This is consistent with other caselaw that reflects that coverage issues reserved for a judicial determination have traditionally focused on the fundamental question of whether the insurer is liable to the insured under the policy. Polaroid Corp. v. The Traveler’s Indemnity Co., 414 Mass. 747, 751 (1993); Lumbermans Mutual Casualty v. Offices Unlimited, Federal Insurance, 419 Mass. 462, 467 (1990); Donovan v. Commercial Union Insurance Company, 44 Mass.App.Ct. 596, 599 (1998); Lumbermans Mutual Casualty Company v. Malicaria. 40 Mass.App.Ct. 184 (1996); Guevara v. Amica Mut. Ins. Co., 6 Mass. L. Rptr. 267, 1996 WL 693384 (Mass. Super.) (whether an individual was a household member); Hernandez v. Commerce Insurance Company, 12 Mass. L. Rptr. 307, 2000 WL 1468438 (Mass. Super.) (coverage issues turn on “the scope and meaning of the policy or of the statutes”). No coverage issue exists in the case at bar as it is undisputed that the defendant insured the plaintiff with a 250,000/500,000 uninsured/underinsured motorist policy, and that there was at least an occurrence that falls within the scope of the policy. Arbitration, therefore, is the appropriate forum to resolve this dispute.
C.Submission of Plaintiffs 93A and 176D Claims to Arbitration Is Appropriate.
The defendant also refuses to arbitrate the plaintiffs 93A claims. With respect to this issue, defendant renews its contention that the Seventh Edition of the Massachusetts Auto Insurance Policy, supra, does not encompass an agreement to arbitrate such claims within its Underinsured/Uninsured Motorist clause.
The dispute again can be resolved by the strong preference in favor of arbitration. The Supreme Judicial Court in Drywall Systems, Inc. v. ZVI Construction *503 Co., Inc., supra, issued a clear mandate favoring arbitration when it adopted the above-cited language from United Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582-83 (1960), instructing lower courts to presume arbitability when interpreting arbitration clauses. Here, consistent with other Superior Court decisions, the defendant “has not provided the court with positive assurance that the arbitration provision is not susceptible to the Court’s interpretation that [Plaintiffs] G.L.c. 93A claim is arbitratable.” Mongeon v. Arbella Mutual Insurance Company, 16 Mass. L. Rptr. 93, 2003 WL 1962886, 2 (Mass.Super).
Moreover, in addition to the Supreme Judicial Court holding in Murphy v. National Union Fire Insurance Company that 93A claims within the context of uninsured/underinsured motorist claims may be arbitratated, there is a strong implication that similarly situated 93A claims should be arbitrated. 438 Mass. 529, 532 (2003). After Murphy, an insured individual, having been granted an award at arbitration and been tendered that award, can no longer file a complaint in the trial court to have that award confirmed (and thus have the prerequisite “judgment” required by G.L.c. 93A, §9 on which to calculate double or treble damages). Id. If the arbitrator could not rule on unfair business and insurance practices as defendant argues, then in order to pursue a 93A claim, the insured would be forced to re-litigate liability and damages at the trial court level in order to base the multiplication of damages on. This is contrary to the incentive both parties have in choosing the arbitration provision found in the Seventh Edition of the Massachusetts Auto Insurance Policy, the “advantages of speed, convenience, and low cost inherent in the resolution of disputes through arbitration.” Gilbert v. Hanover Insurance Company, 35 Mass.App.Ct. 683, 686 (1993). Thus, the defendant’s suggestion that insured individuals have bargained away their ability to assert 93A claims within an uninsured/underinsured arbitration setting is unsupportable.
ORDER
For the foregoing reasons, it is hereby ordered that the motion for arbitration is ALLOWED. The plaintiff and defendant shall submit to arbitration and obey the directives of the arbitrator in rescheduling the arbitration. The arbitrator shall determine any dispute necessary to determine the actual damages as well as statutoiy damages, if any, the plaintiff is entitled to under G.L.c. 93A and G.L.c. 176D.

The Seventh Edition of the Massachusetts Automobile Insurance Policy defines “accident” as, “an unexpected, unintended event that causes bodily injury or property damage arising out of the ownership, maintenance, or use of an auto.”

As defendant’s counsel put it in a letter to plaintiffs counsel, dated February 25, 2003, “[ilf the arbitrator determines that Mr. Nasta was the sole responsible party, or that his negligence exceeded 50%, there will be no need for further discussion of the coverage issue as he will not be entitled to any damages whatsoever. Similarly, if the arbitrator determines that there was no unidentified operator or that he alleges the unidentified operator was not negligent, there would be no occasion for Uninsured Motorist Coverage to be triggered even under the arguments which your client advances. If the arbitrator determines that the unidentified operator was negligent, but Mr. Kigazi was not negligent, then there probably is not much of an issue to be pursued further. Only in the event that the arbitrator determines that Mr. Kigazi was negligent, that there was an unidentified tortfeasor who was also responsible, and that Mr. Nasta’s comparative negligence did not exceed 50%, and, after deduction for comparative negligence, the damages exceed $230,000.00, will there be any requirement that the coverage issue actually be determined. Where arbitration is scheduled, we suggest that the parties proceed to arbitration for a resolution of the factual issues, reserving right to a judicial determination as to the extent of coverage, in the event that the arbitrator’s findings provide any basis for the multiple claims you assert.” (Letter from Peter Hepper to John Yasi dated February 25, 2003, attached to Defendant, Premier Insurance Company’s Memorandum in Opposition to the Plaintiffs Motion For Order Requiring Arbitration (“Defendant’s Memo”), as Exhibit C.)

See Defendant’s Memo, page 6,, citing Lumbermans Mutual Casualty Company v. Malicaria, 40 Mass.App.Ct. 184 (1996).