KENNETH MURPHY & another[1] *vs.* NATIONAL UNION FIRE INSURANCE COMPANY & another.[2]

Norfolk. December 2, 2002. - January 23, 2003.

Present: MARSHALL, C.J., GREANEY, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Arbitration,* Award, Confirmation of award, Damages. *Interest. Insurance,* Motor vehicle insurance. *Words,* "Judgment."

On the defendants' appeal from a judgment of the Superior Court confirming an arbitration award in favor of the plaintiffs and awarding them postaward interest, this court concluded that, because the parties' dispute was settled in arbitration and the defendants had satisfied fully the arbitration award, thus rendering conformation of the award moot, the plaintiffs were not entitled to a "judgment" confirming that award [531-533]; however, the plaintiffs were entitled to a judgment to recover interest on that award from the date of the award until the date when payment was received [533-534].

CIVIL ACTION commenced in the Superior Court Department on July 12, 2001.

The case was heard by *Robert A. Mulligan,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Thomas J. Fay* for the defendants.

*F. Joseph Gentili* for the plaintiffs.

SPINA, J. National Union Fire Insurance Company (National Union) and Jim Beam Brands Worldwide, Inc. (collectively, defendants), appeal from a judgment of the Superior Court confirming an arbitration award in favor of Kenneth and Donna Murphy and granting them postaward interest. We transferred the case to this court on our own motion. At issue is whether the Murphys were entitled to a "judgment" confirming their arbitration award and whether they were entitled to postaward

[1] Donna Murphy.

[2] Jim Beam Brands Worldwide, Inc.

interest. For the reasons discussed below, we affirm in part and vacate in part the judgment of the Superior Court.

On September 1, 1994, Kenneth Murphy was seriously injured when the vehicle he was operating was struck by another vehicle while stopped in traffic. He and his wife, Donna Murphy, settled their personal injury and loss of consortium claims, respectively, against the third-party tortfeasor. The Murphys then filed an underinsured motorist claim with National Union, the insurance carrier for the vehicle that Kenneth Murphy had been operating.[3] The parties agreed to submit to arbitration their dispute over the amount of damages due to the Murphys. They further agreed that the Murphys' third-party settlements would be deducted from the amount of damages they were awarded in arbitration.

On July 9, 2001, a three-member panel of arbitrators awarded the Murphys damages in the amount of $1,610,000.[4] The award did not mention interest. National Union did not move to vacate, modify, or correct the award pursuant to G. L. c. 251, §§ 12 and 13. Instead, it informed the Murphys that $50,000 would be subtracted from each of their awards to reflect the third-party settlements, and that they could expect to receive payment of $1,510,000 no later than August 11, 2001. In response, the Murphys informed National Union that, pursuant to *Reilly* v. *Metropolitan Prop. & Liab. Ins. Co.*, 412 Mass. 1006 (1992), they were entitled to interest on the total amount of their award from July 9, 2001, until the date of payment.

On July 12, 2001, the Murphys filed a complaint in the Superior Court seeking confirmation of the arbitration award, pursuant to G. L. c. 251, § 11, and a judgment in their favor, pursuant to G. L. c. 251, § 14, for the amount of the arbitration award (minus the offset for the third-party settlements), plus accrued interest and costs. On August 6, 2001, National Union delivered a check in the amount of $1,510,000 to the Murphys. The defendants then filed a motion to dismiss the Murphys' complaint, which was denied. A judgment was entered in favor

---

[3]The vehicle was owned by Emkay, Inc. Kenneth Murphy was a named insured on the motor vehicle policy issued by National Union.

[4]Kenneth Murphy received $1,260,000 for his personal injury claim, and Donna Murphy received $350,000 for her loss of consortium claim.

of the Murphys, confirming the arbitration award, ordering that they recover the amount of the award (minus the offset for the third-party settlements), and granting postaward interest of $14,093.24, accrued from July 9, 2001, to August 6, 2001, plus interest thereon as provided by law, and costs. The defendants' motion for reconsideration or clarification of the Superior Court judge's decision to confirm the arbitration award was denied, and they filed a timely appeal.

The defendants contend that, because their dispute with the Murphys over damages due pursuant to the underinsured motorist provisions of the National Union insurance policy was settled in arbitration, and because National Union fully satisfied the arbitration award in August, 2001, the Murphys were not entitled to a "judgment" confirming that award. They allege that the Murphys filed their complaint only in an attempt to obtain a "judgment" to support a subsequent action pursuant to G. L. c. 93A, § 9, and G. L. c. 176D, in which they hope to recover double or treble damages.[5] Furthermore, the defendants assert that the Superior Court judge erred in awarding interest on the arbitration award where such award was paid within thirty days of the time it was rendered by the arbitration panel. We agree with the defendants that the Murphys were not entitled to a "judgment" on the amount of the arbitration award, which was paid in full as of August 6, 2001. However, the Superior Court judge properly entered a judgment with respect to interest on the arbitration award.

The Uniform Arbitration Act, as set forth in G. L. c. 251, was promulgated "to further the speedy, efficient, and uncomplicated

---

[5]General Laws c. 93A, § 2 (a), provides that "unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. General Laws c. 176D, § 2, contains a similar prohibition against such conduct in the insurance business. That prohibition encompasses "[u]nfair claim settlement practices," including "[f]ail[ure] to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." G. L. c. 176D, § 3 (9) (f). Any person whose rights have been affected by an insurance practice that violates G. L. c. 176D, § 3 (9), may sue under G. L. c. 93A. See Van Dyke v. St. Paul Fire & Marine Ins. Co., 388 Mass. 671, 675 (1983). In support of their allegation that the Murphys want a "judgment" only to pursue a separate action under G. L. c. 93A, § 9, and G. L. c. 176D, the defendants point out that the Murphys have a civil action pending in the Superior Court for claimed violations of these statutory provisions. The record does not include any materials relating to that action.

resolution of business disputes with very limited judicial intervention or participation." *Floors, Inc.* v. *B.G. Danis of New England, Inc.*, 380 Mass. 91, 96 (1980). See *Marino* v. *Tagaris*, 395 Mass. 397, 400 (1985), and cases cited. In *Bonofiglio* v. *Commercial Union Ins. Co.*, 411 Mass. 31, 37 (1991), *S.C.*, 412 Mass. 612 (1992), we concluded that an arbitration award does not constitute a "judgment" on which multiple damages may be calculated in a separate proceeding pursuant to G. L. c. 93A, § 9. See *Clegg* v. *Butler*, 424 Mass. 413, 424 (1997) ("When a case has been settled outside the courtroom, there is no 'judgment' on which to base the multiple damage calculus"). "The term 'judgment' has acquired a peculiar meaning in law; it is founded on a decision by a court, not on an award by an arbitrator." *Bonofiglio* v. *Commercial Union Ins. Co.*, *supra* at 37. See, e.g., Mass. R. Civ. P. 54 (a), 365 Mass. 820 (1974). Multiple damages for a violation of G. L. c. 93A may still be awarded in such cases, but they will be calculated based on the insurer's delay in payment (i.e., interest), not on the principal amount of the underlying arbitration award. See *Clegg* v. *Butler*, *supra*.[6]

In order to obtain a "judgment" based on an arbitration award, a plaintiff must file a complaint to confirm or enforce the award. General Laws c. 251, § 11, provides: "Upon application of a party, the court shall confirm an [arbitration] award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award . . . ." The purpose of an action to confirm an arbitration award is to enable a plaintiff to collect an unsatisfied award by enforcing the judgment that has been entered. Cf. *Bailey* v. *Metropolitan Prop. & Liab. Ins. Co.*, 24 Mass. App. Ct. 34, 39 n.5 (1987) ("Although apparently no judgment was entered in the Superior Court confirming the award . . . this is due to [the insurance company's] prompt payment").

We recognize that at the time the Murphys filed their complaint on July 12, 2001, they had not yet received payment

---

[6]If a claim under G. L. c. 93A has been submitted to arbitration, the arbitrator may proceed to award multiple damages based on the principal amount of the underlying award. See *Drywall Sys., Inc.* v. *ZVI Constr. Co.*, 435 Mass. 664, 669 (2002). Here, G. L. c. 93A claims were not submitted to arbitration.

from National Union. Nonetheless, once full payment of the arbitration award was made on August 6, 2001, confirmation of the award became moot because the obligation owed to the Murphys had been satisfied. The dispute over damages pursuant to the underinsured motorist provisions of the insurance policy had been resolved, and it is well established that courts only decide actual controversies. See *Metros* v. *Secretary of the Commonwealth*, 396 Mass. 156, 159 (1985). See also *Mullholland* v. *State Racing Comm'n*, 295 Mass. 286, 289 (1936) (moot issues not proper subjects for litigation); *Griefen* v. *Treasurer & Receiver Gen.*, 13 Mass. App. Ct. 946 (1982) (payment of land damage judgment rendered case moot except for question of interest on judgment); *Mullen* v. *Mullen*, 7 Mass. App. Ct. 899 (1979) (payment in full satisfaction of support arrearages rendered moot issue of civil contempt for failure to make such payments).

To allow the Murphys to obtain a judgment when they had already been paid by National Union would circumvent the principle we enunciated in *Bonofiglio* v. *Commercial Union Ins. Co.*, *supra* at 37, that an arbitration award is not a "judgment." Furthermore, a plaintiff is not permitted to have an arbitration award reduced to a "judgment," which may then be subject to doubling or trebling under G. L. c. 93A, by refusing to accept full payment of a proper award. Such a tactic would undermine the purpose of arbitration. See *Floors, Inc.* v. *B.G. Danis of New England, Inc.*, *supra* at 96.[7]

Although the Murphys were not entitled to a judgment confirming their arbitration award, they were entitled to a judgment to recover interest on that award. The defendants argue

[7]In *Metropolitan Prop. & Cas. Ins. Co.* v. *Choukas*, 47 Mass. App. Ct. 196, 197 (1999), an arbitrator found in favor of Choukas and awarded him $25,000 on the underinsured portion of his vehicle insurance policy. The insurance company sent him a check in that amount, which he returned. Choukas then sought confirmation of the arbitration award, and a final judgment entered in the Superior Court in the amount of $25,000. The Appeals Court held that, unlike the facts in *Bonofiglio* v. *Commercial Union Ins. Co.*, 411 Mass. 31, 37 (1991), *S.C.*, 412 Mass. 612 (1992), because the arbitrator's award to Choukas had been reduced to a judgment, it could be used as the basis for multiplying damages awarded pursuant G. L. c. 93A. To the extent that *Metropolitan Prop. & Cas. Ins. Co.* v. *Choukas*, *supra*, is inconsistent with the decision we announce today, we now overrule that case.

that the Superior Court judge did not have the authority to grant interest where the arbitration award was paid within thirty days of the time it was rendered. However, we have stated that "[t]o encourage 'swift obedience' to the award without the necessity of court proceedings, the rule in Massachusetts is that postaward interest runs from the date of the award." *Reilly* v. *Metropolitan Prop. & Liab. Ins. Co.*, 412 Mass. 1006, 1007 (1992), quoting with approval *Sansone* v. *Metropolitan Prop. & Liab. Ins. Co.*, 30 Mass. App. Ct. 660, 663 (1991). See *Connecticut Valley Sanitary Waste Disposal, Inc.* v. *Zielinski*, 436 Mass. 263, 271 n.10 (2002). As such, the Murphys were entitled to a judgment for postaward interest from the date of the award, July 9, 2001, until payment was received, here, August 6, 2001.

The judgment entered by the Superior Court is vacated with respect to the confirmation of the arbitration award. The judgment is affirmed in all other respects.

*So ordered.*