Murphy, J.
The plaintiff, Joseph Mongeon (“Mon-geon”), brought this action to enforce an agreement to arbitrate disputed amounts of damages with respect to claims arising under an automobile insurance policy executed between Mongeon and the defendant, Arbella Mutual Insurance Company (“Arbella”). Mongeon’s complaint also alleges unfair and deceptive practices by Arbella in connection with those claims. This matter is before the Court on Arbella’s Motion for Reconsideration of the Court’s December 27, 2002 denial of Arbella’s Petition for Declaratory Judgment. That Petition asked the Court to render arbitration on Count I of Mongeon’s complaint moot since Arbella already tendered the policy limit ($100,000.00) to Mongeon. For the reasons stated in the Court’s December 27, 2002 decision, as well as for the reasons stated below, Arbella’s motion is DENIED.
BACKGROUND
On October 6, 2000, Mongeon sustained substantial injuries in an automobile accident. The other driver was an uninsured motorist. At the time of the accident, Mongeon held a Massachusetts Automobile Policy of Insurance (the “policy”) with Arbella. The policy provided a $100,000.00 limit for uninsured motorist coverage. On November 3, 2000, Mongeon made a demand on Arbella for the policy limit. While the “limit” demand may have been arguably excessive, it was clear that Arbella was subject to substantial liability on the claim. Notwithstanding, Arbella did not offer to settle the claim until a full year later on October 30, 2001.
On May 3, 2002, Mongeon filed suit in this Court. Mongeon demanded arbitration pursuant to G.L.c. 251, and sought damages for Arbella’s alleged violations of G.L.c. 93A and G.L.c. 176D.[1] Mongeon’s claims under G.L.c. 176D and G.L.c. 93A are hereinafter referred to collectively as Mongeon’s G.L.c. 93A claim.
Arbitration for this matter was scheduled for November 6,2002. On November 4,2002, Arbella offered Mongeon the policy limit of $100,000.00 by tendering a check to Mongeon’s counsel. Mongeon informed Arbella that he wished to proceed with arbitration. Arbella then filed a petition for declaratory judgment and sought the Court to quash the arbitration refer *94 enced in Count I of Mongeon’s complaint. On December 27, 2002, this Court (Murphy, J.) denied Arbella’s petition and ordered the parties to submit to arbitration [15 Mass. L. Rptr. 619]. Subsequently, Arbella filed this Motion for Reconsideration which is now before the Court.
DISCUSSION
Motion for Reconsideration
Arbella renews its contention that since it tendered the policy limit in the amount of $100,000.00, arbitration no longer needs to proceed. The Court concludes that this argument is unavailing for several reasons. First, Mongeon has not accepted the tender of the policy limit. Second, the parties already submitted their dispute to an arbitrator. Once a dispute has been submitted to arbitration, courts generally decline to allow one party to unilaterally withdraw from that agreed upon forum. In this case, the Court declines to allow Arbella to unilaterally withdraw from arbitration and avoid the possibility of having multiple damages awarded against it. It follows that “if a claim under G.L.c. 93A has been submitted to arbitration, the arbitrator may proceed to award multiple damages based on the principal amount of the underlying award.” Murphy v. Nat’l. Union Fire Ins. Co., 438 Mass. 529, 532 n.6 (2003); see Drywall Sys., Inc. v. ZVI Constr. Co., 435 Mass. 664, 669 (2002).
Moreover, if Arbella had wanted to avoid arbitration by tendering the policy limit, it could have done so within the approximately one and a half year time period between the filing of Mongeon’s claims with Arbella and the filing of this current action with the Court. Arbella failed to do so. Instead, it agreed to proceed to arbitration.
Third, while Arbella’s tendering of $100,000.00 makes the arbitrator’s determination of Mongeon’ s damages under Count I of his complaint easy to compute, the arbitrator must also determine what damages, if any, Mongeon is entitled to under his G.L.c. 93A claim. Nonetheless, Arbella contends that the Court erred in determining that the parties have a clear and explicit agreement to arbitrate all claims, including Mongeon’s claim arising under G.L.c. 93A. In support of this contention, Arbella argues that the arbitration provision of the policy does not encompass the arbitration of Mongeon’s G.L.c. 93A claim. The arbitration provision provides, in part, that:
The determination as to whether an injured person is legally entitled to recover damages . . . will be by agreement between [Arbella] and the injured person. The amount of the damages, if any, will be determined in the same way. Arbitration will be used if no agreement can be reached.
The arbitration provision at issue does not explicitly prohibit the parties from arbitrating Mongeon’s G.L.c. 93A claim. The provision does state, however, that if Arbella and Mongeon cannot agree upon a damages amount, “arbitration will be used.” Here, the parties have not agreed upon the amount of actual damages Mongeon is legally entitled to recover, including any such damages pursuant to G.L.c. 93A. Therefore, arbitration is the appropriate avenue to use in determining the damages arising from this dispute.
Furthermore, the Supreme Judicial Court makes clear in Drywall Sys., Inc. v. ZVI Constr. Co., that “[w]here the contract contains an arbitration clause, a presumption of arbitrability in the sense that ‘[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.’ ” 435 Mass. at 666. Arbella has not provided the Court with positive assurance that the arbitration provision is not susceptible to the Court’s interpretation that Mongeon’s G.L.c. 93A claim is arbitrable. Merely stating that the policy was drafted by the Commissioner of Insurance for the Commonwealth of Massachusetts and should not be construed against Arbella does not provide the Court with the positive assurance necessary to alleviate any doubt as to how to interpret the arbitration provision. As such, any doubt as to whether the G.L.c. 93A claim is covered by the arbitration provision “should be resolved in favor of coverage . . .” Drywall Sys., Inc. v. ZVI Constr. Co., Inc., 435 Mass. at 666 (citations omitted).
Lastly, the Court declines to accept Arbella’s tender of the policy limit as an “offer of judgment.” See Mass.R.Civ.P. 68. To do so would require the Court to enter judgment and then hold a separate proceeding to determine the merits of Mongeon’s G.L.c. 93A claim. Instead, the Court finds that the parties will be best served by enforcing Mongeon’s demand to arbitrate pursuant to G.L.c. 251, and having an arbitrator decide all of Mongeon’s claims in one proceeding. This will accomplish the goal of the Uniform Arbitration Act, as set forth in G.L.c. 251, which seeks “to further the speedy, efficient, and uncomplicated resolution of business disputes with veiy limited judicial intervention or participation.” Floors, Inc. v. B.G. Danis of New England, Inc., 380 Mass. 91, 96 (1980); see Marino v. Tagaris, 395 Mass. 397, 400 (1985).
Therefore, for the foregoing reasons, as well as for the reasons set forth in the Court’s December 27,2002 decision, Arbella’s Motion for Reconsideration is DENIED.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s Motion for Reconsideration be DENIED.
It is further ORDERED that the plaintiff and defendant shall submit to arbitration and obey the directives of the arbitrator in rescheduling the arbitration. The arbitrator shall determine the actual damages suffered by the plaintiff as well as the statutoiy damages, if any, the plaintiff is entitled to under G.L.c. 93A and G.L.c. 176D.

 General Laws c. 93A, §2(a), provides that “unfair or deceptive acts or practices in the conduct of any trade or commerce” are unlawful. General Laws c. 176D, §2, contains a similar prohibition against such conduct in the insurance business. That prohibition encompasses “[u]nfair claim settlement practices,” including “[f]ail[ure] to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.” G.L.c. 176D, §3(9)(f). Any person whose rights have been effected by an insurance practice that violates G.L.c. 176D, §3(9), may sue under G.L.c. 93A. See Van Dyke v. St. Paul Fire & Marine Ins. Co., 388 Mass. 671, 675 (1983).