Agnes, A.J.
1.Introduction
This matter arises out of a civil action brought by the plaintiff in 2002 in order to compel arbitration pursuant to G.L.c. 251 of certain damages claims under a policy of insurance issued by the defendant. The plaintiffs motion to confirm the arbitrator’s award and to enter final judgment on count I of the Complaint in the amount of $275,000 was allowed by an order dated October 7, 2003. Thereafter, the defendant filed a motion for reconsideration. The matter was set for oral argument and was heard by the court.
2.Facts
The essential facts are not in dispute. While operating his motor vehicle in Milbuiy, Massachusetts on October 6, 2000, the plaintiff was struck and injured by an uninsured motor vehicle whose operator was negligent. Prior to this incident, the plaintiff had purchased uninsured motorist coverage with policy limits of $100,000 from the defendant Arbella Insurance Company (Arbella). When the complaint was filed, the plaintiff demanded in Count I the policy limits of $100,000 and arbitration under G.L.c. 251 on grounds that Arbella had offered only $62,500. In Count II, the plaintiff alleges unfair and deceptive acts and practices on the part of Arbella in refusing to fairly and promptly settle the matter. In November 2002, after commencement of the action but prior to any arbitration in the case. Arbella offered and tendered the policy limits ($100,000) to the plaintiff. The plaintiff did not accept the tender of the policy limits. The parties were ordered to arbitration with respect to both Count I and Count II by this court (Murphy, J.) (16 Mass. L. Rptr. 93). That order was subject to interlocutory appellate review under G.L.c. 231, §118 (para. 1) wherein a single justice of the Appeals Court (Kafker, J.) vacated the order compelling arbitration of Count II, but declined, on procedural grounds, to make any ruling with respect to the arbitration order relating to Count I.
3.Legal Reasoning
The defendant’s position is that the order to compel arbitration on Count I in this case is unlawful in light of the decision by the Supreme Judicial Court in Murphy v. National Union Fire Insurance Company, 438 Mass. 529 (2003). In Murphy, which followed the court’s original order to compel arbitration in this case, the Court made the following observation:
The purpose of an action to confirm an arbitration award is to enable a plaintiff to collect an unsatisfied award by enforcing the judgment that has been entered.
We recognize that at the time the Murphys filed their complaint on July 12, 2001, they had not yet received payment from National Union. Nonetheless, once full payment of the arbitration award was made on August 6, 2001, confirmation of the award
*165 became moot because the obligation owed to the Murphys had been satisfied. The dispute over damages pursuant to the underinsured motorist provisions of the insurance policy had been resolved, and it is well established that courts only decide actual controversies.
To allow the Murphys to obtain a judgment when they had already been paid by National Union would circumvent the principle we enunciated in Bonofiglio v. Commercial Union Ins. Co., that an arbitration award is not a “judgment.” Furthermore, a plaintiff is not permitted to have an arbitration award reduced to a “judgment,” which may then be subject to doubling or trebling under G.L.c. 93A, by refusing to accept full payment of a proper award. Such a tactic would undermine the purpose of arbitration.
Murphy, 438 Mass, at 532-33 (citations and quotations omitted). Accord, Mahan v. Arbella Mutual Ins. Co., 438 Mass. 1010, 1011 (2003). The present case presents a more clear cut example than Murphy of the principle that a plaintiff is not entitled to a judgment as to uninsured coverage benefits in a motor vehicle tort action when the insurer has tendered the full policy limits prior to any arbitration proceeding. In such a case there is no dispute requiring arbitration, and because “it is well established that courts only decide actual controversies,” Murphy, supra, 438 Mass, at 533, that aspect of the dispute between the parties has become academic. This is in contrast to the earlier rulings made by this court in this case. Compare, Mongeon v. Arbella Mutual Insurance Co., No. 021054 (February 14, 2003) (Murphy, J.) (16 Mass. L. Rptr. 93) (rejecting defendant Arbella’s contention that since it tendered the policy limit in the amount of $100,000.00, arbitration no longer needs to proceed).[1] It is also in contrast to a ruling made by this court in a different case. Goodman v. Seaver, No. 99-2085 (August 2000) (Agnes, J.) (12 Mass. L. Rptr. 145) (where this judge incorrectly distinguished and disregarded the decision in Hanna v. Berkshire Mutual Insurance Co., No. 92-5082, slip at 1 (Mass.Super. Ct.) (April 21, 1993) (Flannery, J.) [declining to order confirmation of an arbitrator’s award once the insurer tendered payment of the policy limits]). However, the result I reach on reconsideration in this case is compelled by controlling appellate court precedents. See, e.g., Mullholland v. State Racing Comm’n, 295 Mass. 286, 289 (1936) (moot issues not proper subjects for litigation).
4. Disposition
A motion under Mass.R.Civ.P. 59(e) is the appropriate vehicle in a case such as this to amend an order to enter a judgment so that the rights of the parties are stated correctly. See Gagnon v. Fontaine, 36 Mass.App.Ct. 393, 395 (1994). Accordingly, for the above reasons, the defendant’s motion is ALLOWED and the judgment previously ordered to be entered in this case is amended as follows:
The plaintiffs claim under Count I of the complaint is moot as a result of the offer and tender by the defendant of the $100,000 of uninsured motorist coverage prior to the date of the arbitration hearing. Provided that the plaintiff has a reasonable opportunity to accept said tender or a new tender on equivalent terms, Count I of the complaint is dismissed.
5. The matter will stand for further proceedings on Count II of the complaint (G.L.c. 93A & 176D).

 The reasoning in the original decision by this court in this case ordering the matter to go to arbitration on both Count I and Count II was as follows: “[T]o credit Arbella’s position would mean that an injured motorist, frustrated by an alleged unwillingness to make a good faith offer of settlement when liability is reasonably clear, who then attempts to enforce an agreement to arbitrate, would be denied the protections of that agreement by an insurance company’s decision to pay out the limits of the coverage subsequent to an issuance of an order to arbitrate, merely to avoid the possibility of having multiple damages awarded against it for the very alleged stalling techniques that led to the arbitration order in the first place. The Court declines to enter ’’Catch 22" as an element of Massachusetts jurisprudence." Mongeon v. Arbella Mutual Ins. Co., (December 27, 2002) (Murphy, J.) (15 Mass. L. Rptr. 619). It does not appear, however, that in such a case the plaintiff suffers any diminution of his or her rights because the plaintiff receives the full benefits of the insurance coverage that is available, without any loss of the right to pursue a claim against the insurer for unfair and deceptive acts and practices.