Fecteau, J.
This case began by the plaintiff filing, on August 31, 1999, a complaint for appointment of an arbitrator, under the provisions of G.L.c. 251, to determine the amount due, if any, under the uninsured motorist coverage of a Massachusetts policy of automobile insurance written by the defendant and issued to the plaintiff. By the plaintiffs own admission (see paragraph 4 of his complaint) the amount of available coverage was $20,000.00 per person and $40,000.00 per accident.
The court appointed an arbitrator who conducted hearings and, on April 4, 2000, issued a decision, not only finding that the plaintiffs claim for personal injuries to be valued at $68,245.00, but awarding the plaintiff said amount, without any regard to the limit of insurance coverage. According to the moving party, Premier paid its $20,000.00 uninsured coverage limit on or about May 8, 2000. On May 10, 2000, the plaintiff filed a motion to confirm the award of the arbitrator. The defendant sought a modification in the arbitrator’s award to reduce it to the amount of available coverage, which was first denied by the arbitrator, stating, in effect, that he did not believe that a determination of the amount of available coverage was a part of his fact-finding function. Ultimately, on December 4, 2000, the court allowed the plaintiffs motion to confirm the arbitrator’s award and to issue ajudgment thereon, noting the defendant’s absence from the hearing. A judgment consequently was entered, followed by the plaintiffs request for and the issuance on February 1, 2001, of an execution in the amount of $74,981.68 (the arbitrator’s decision of $68,245.00, together with interest and costs). The defendant apparently has not appealed from this judgment. Again, according to the defendant’s motion, the plaintiff apparently has caused the execution to be served upon the defendant, on or about December 18, 2003. The motion at bar followed, filed on January 16, 2004, and seeks, in effect, to vacate the judgment and to super-cede the execution. The plaintiff is opposed, for both procedural and substantive grounds. The parties were heard on February 13, 2004.
The plaintiff contends correctly that Rule 60(b)(6) is not a substitute for the appeal of an erroneous judgment; he is also heard to complain, with some justification, about the untimeliness of the defendant’s response to the issuance of the judgment and execution. He also claims that the rule requires evidence of a kind or quality bordering on fraud to justify a grant of relief sought by the defendant. However, the rule relied upon by the defendant permits relief for a number of compelling or extraordinary circumstances.
The question, then, for the court is whether this is such a case. First and foremost, there is no dispute about the fact that the defendant’s contractual exposure was limited by its policy with the plaintiff to $20,000.00 per person. Secondly, the simple fact that an arbitrator has found that the plaintiff was injured to an extent that exceeded the amount of available uninsured coverage, without the issue of bad faith being submitted to the arbitrator, should not result in a finding by the arbitrator that the defendant is liable to the extent of the damages found by the arbitrator, nor should it result in a judgment by the court that orders the defendant to pay the amount of the damages found by the arbitrator. The arbitrator was limited to the arbitration agreement which, in this case, was the insurance policy. While the arbitrator had the right to make a factual finding that the plaintiffs injuries were worth a value of $68,245.09, he did not have the authority to award such a sum to the plaintiff as it clearly exceeded the limit of uninsured coverage available under the insurance policy. The plaintiffs own memorandum filed in reply to the opposition of the defendant “to confirm arbitrator’s award or in the alternative to modify the award” states; “here, the exposure to the Defendant on the arbitrators award is $20,000.00. If the award is confirmed for $68,245.09, under the policy of insurance at issue their exposure is $20,000.00 plus interest from the date of the filing of the application for arbitration.” (At paragraph 3.) Thus, the plaintiff cannot reasonably expect that he can obtain an execution against the defendant and expect to satisfy it beyond the amount of the uninsured coverage, at least not without having *515 obtained a finding or verdict in favor of his extra-contractual claim for bad faith, which he has yet to obtain.
While there are obviously a number of procedural steps that the defendant could and likely should have taken long before the instant motion was filed, its procedural inaction does not justify the potential use by the plaintiff of the judgment and execution entered here, which would allow him to enforce against the defendant and which could serve to eliminate the defendant’s opportunity to defend itself against a unfair claims settlement case founded upon G.L.c. 176D and c. 93A. This is obviously a dispute about the extra-contractual exposure of the defendant. It is obvious to the court that the plaintiff is seeking to utilize the arbitration award as the basis for such a claim. As was suggested in argument, the defendant may have simply viewed the steps that the plaintiff was taking to obtain a judgment and execution as preliminary to establishment of the arbitration decision to further such a claim without expecting that the plaintiff would seek to enforce this arbitration award that so clearly exceeded the limit of coverage and the arbitrator’s authority. Whether a judgment enters or not, the plaintiff does not lose whatever preclusive effect that findings of fact made by the arbitrator may have on the issues remaining between the parties. The question remains however whether the plaintiff was ever entitled to obtain a judgment in the amount of the arbitration award and whether the facts of this case warrant the extraordinary relief found in Rule 60(b)(6).
While the case relied upon by the defendant, Murphy v. National Union Fire Insurance Company, 438 Mass. 529 (2003), was decided after this judgment was issued, and that the coverage therein was sufficient to meet the full amount determined by the arbitrator, the principles are the same: namely, that an award by an arbitrator, even if confirmed by an order of the court, does not warrant the issuance of a judgment in that amount, especially given the authority of the arbitrator and the contractual limit of exposure. Neither party has offered, nor has the court located any appellate decision with facts similar to those at bar, especially wherein a judgment and execution was received to enforce an award by an arbitrator that exceeded the contractual limits of insurance coverage. While this court cannot justify the inaction of the defendant to have taken more timely remedial action, to allow the plaintiff full use of an execution that does not bear a reasonable connection to the underlying claim or controversy between the parties, namely, uninsured motorist coverage, would unjustly elevate the form of procedure over the substantive ends of justice. This court finds that the relief sought by the defendant is warranted. Consequently, the defendant’s motion is allowed.