Fabricant, Judith, J.
INTRODUCTION
This action arises from the defendant insurance company’s three-and-a-half-month delay in paying the proceeds of the agreed settlement of a previous case arising from a disputed theft claim. The plaintiff contends that the delay constitutes breach of contract and violation of G.L.c. 93A and c. 176D; on that basis, he seeks to recover three times the amount of the underlying settlement plus attorneys fees. The defendant contends that the most the plaintiff can recover is the value of the loss of use of the settlement proceeds for the period of delay. Presently before the Court is the defendant’s motion for summary judgment. For the reasons that will be explained, summary judgment will enter for the plaintiff, in an amount based on the value of the loss of use of the funds.
BACKGROUND
The summary judgment record provides the following factual background. The plaintiff owned a motorcycle insured by Arbella. In or about August of 2000, the motorcycle was stolen. The plaintiff made a claim on his insurance policy for its value. Arbella disputed the amount claimed, and the plaintiff sued Arbella in Bristol County Superior Court, alleging breach of the policy and violation of G.L.c. 93A and c. 176D. On March 10, 2003, the parties agreed to settle that case for $25,000. Their agreement provided for execution of a release and the filing of a stipulation of dismissal with prejudice, but did not specify a date for payment. Counsel filed a stipulation of dismissal with prejudice with the Bristol County Superior Court on or about April 14, 2003, and the plaintiff executed a release and sent it to Arbella’s counsel on or about April 18, 2003.
As of June 4, 2003, Arbella had not paid the settlement amount, despite telephone inquiries. Plaintiffs counsel then sent a demand letter pursuant to G.L.c. 93A. Arbella did not respond within thirty days. The plaintiff then filed this action on July 14, 2003, claiming breach of the settlement agreement and violation of G.L.c. 93A, §2, and G.L.c. 176D, §3(9), and seeking treble damages, along with attorneys fees, interest, and costs. Service was made on July 23, 2003. On August 4, 2003, plaintiffs counsel received a check from Arbella for $25,000.[1] The cover letter, from an Arbella supervisor, dated July 31, 2003, attributed the delay in payment to “human error rather than any intent to deprive your client of the agreement settlement,” apologized, and offered compensation consisting of “the lost interest (at a reasonable rate) on his funds for the time period commencing from the date of filing of the settlement with the court *109 to the actual date of disbursement of the funds due . . . along with the costs and fees incurred.” The plaintiff accepted and negotiated the check for the settlement proceeds, but rejected Arbella’s offer of compensation for the delay. Arbella filed its answer on August 16, 2003. The parties submitted this dispute to mediation, without success. On or about December 1, 2004, Arbella offered to settle the claim for $1,325, based on interest at the judgment rate of twelve percent, calculated at $825, plus $500 for attorneys fees. The plaintiff rejected that offer.
DISCUSSION
Summary judgment should be granted where it appears from the pleadings and evidentiary materials offered that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. See Somerset Sav. Bank v. Chicago Title Ins. Co., 420 Mass. 422, 426 (1995); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). Summary judgment is a device “to make possible the prompt disposition of controversies on their merits without a trial, if in essence, there is no real dispute as to the salient facts or if only a question of law is involved.” Dawes, 369 Mass. at 554. When appropriate, summary judgment may. be entered against the moving party pursuant to Mass.RCiv.P. 56(c) (last sentence).
The defendant’s motion is predicated on the understanding that the plaintiff seeks to-reopen the earlier litigation and to litigate the value of the .motorcycle, along with the issue of violation of G.L.c. 93A and c. 176D in connection with that dispute. On that basis, the defendant asserts arguments based on the doctrines of collateral estoppel and res judigata. As the parties acknowledged at argument on the present motion, the plaintiff has no such intention; rather, his suit is on the settlement agreement. His theory is that the failure to make prompt payment was a breach of the settlement agreement, for which he is entitled to damages, and that that failure was also a violation of G.L.c. 93Aand G.L.c. 176D, for which he is entitled to treble the amount to be awarded on the contract claim, as well as attorneys fees. See generally, R.W. Grainger & Sons, Inc. v. J&S Insulation, 435 Mass. 66 (2001). The amount to be awarded, he suggests, should be the full amount of the agreed settlement; he acknowledges that Arbella is entitled to an offset' for the $25,000 it has paid, but suggests that the offset should occur after the trebling. Thus, he contends, he is entitled to $50,000, plus attorneys fees, interest, and costs, as a result of Arbella’s three-and-a-half-month delay in paying the $25,000 settlement.
Although the defendant’s memorandum asserts an argument that it now concedes is inapposite, the record before the Court establishes the absence of any factual dispute that would be material to liability. The settlement agreement required the defendant to pay the plaintiff $25,000, in return for a release and stipulation of dismissal. It is undisputed that the plaintiff provided the release and stipulation, and that the defendant did not pay the settlement proceeds for some three and a half months thereafter, without any apparent justification for the delay beyond “human error.”[2] Although the agreement specified no time for payment, the law fills that gap; where a contract fails to specify a time for performance, “it is as if ‘within a reasonable time’ were found in it.” Warren v. Ball, 341 Mass. 350, 352-54 (1960); see Barber v. Fox, 36 Mass.App.Ct. 525, 528 (1994); Charles River Park, Inc. v. Boston Redev. Auth., 28 Mass.App.Ct. 795, 814 (1990). Where the underlying facts are undisputed, as they are here, what constitutes a reasonable time is a question of law. See Warren v. Ball, supra; Barber v. Fox, supra. Here, the Court need not determine the precise limit of reasonableness; it is clear that Arbella exceeded any limit that might be established. Accordingly, the plaintiff is entitled to judgment as a matter of law on liability for the claim of breach of contract, count I of the complaint.
What remains as to count I is the issue of damages. The standard measure of damages for breach of contract is the benefit of the bargainthat is, the difference in value between what the plaintiff would have received if the defendant had performed, and what the plaintiff did receive. Here, if the defendant had performed, the plaintiff would have received $25,000 within a reasonable time of the settlement. In fact, he did receive $25,000, some three and a half months later. What he has lost, then, is not $25,000, but merely the value of the loss of use of that amount for that period of time. See generally, Murphy v. National Union Fire Insurance Company, 438 Mass. 529, 532 (2003); Clegg v. Butler, 424 Mass. 413, 425 (1997). That is what he is entitled to in damages on the contract claim.
The plaintiff points out that he, unlike the plaintiffs in Murphy and Clegg, supra, will obtain a judgment in this action, rather than merely a settlement agreement or arbitration award. The point is apparently raised to invoke G.L.c. 93A, §9(3), which provides that “for purposes of this chapter, the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out the same and underlying transaction or occurrence . . .” See generally, Drywall Systems, Inc. v. Zvi Construction Co., Inc., 435 Mass. 664, 667-69 (2002). That statutory language is of no help to the plaintiff in determining the measure of damages on the contract claim. The provision applies on its face to claims under c. 93A, not contract claims. Moreover, the “transaction or occurrence’’ underlying the claims in this action is the breach of the settlement agreement, not the dispute underlying that agreement. Compare R.W. Grainger & Sons, Inc. v. J&S Insulation, 435 Mass. at 81-82 (where subcontractor had obtained judgment against general *110 contractor and surety had refused to pay, amount of judgment properly used as basis for multiple damage award against surety). The only judgment the plaintiff could obtain on the claims presented here is one for the amount of damages resulting from the breach of the settlement agreementthat is, the value of the loss of the use of the settlement proceeds for the period of delay in payment.
A factual question might be thought to exist as to the interest rate by which to determine the value of the loss of use of the money. It is apparent that the cost of a trial on that point would far exceed the amount in issue. Perhaps for that reason, the defendant has made plain its willingness to accept the judgment rate of 12%, which the Court can take judicial notice is far higher than prevailing interest rates for the relevant period of time. At the judgment rate, the defendant has calculated the amount due at $825. The plaintiff has not disputed that calculation. Accordingly, judgment will enter on count I of the complaint in favor of the plaintiff in the amount of $825.
Under count II, the plaintiff contends that Arbella’s delay in payment until after the filing of this action violated multiple provisions of G.L.c. 176D, §3(9), and thereby violated G.L.c. 93A, §2. In particular, the plaintiff invokes paragraphs (b), “failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies”; (c), “failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (f), "failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear"; and (g), “compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.”
Although the defendant’s motion papers do not directly address these contentions, it suggested at argument that c. 176D does not apply because this action is based on the settlement agreement, rather than on any insurance policy. That theory has superficial appeal, but the Court is unpersuaded. General Laws c. 176D, §3, provides that “(t]he following are hereby defined as unfair or deceptive actions or practices in the business of insurance.” There can be no doubt that Arbella has acted “in the business of insurance” throughout its involvement with this plaintiff, both in responding to his initial claim for the theft of his motorcycle, and in payingor failing to pay the agreed settlement. Paragraphs (b) and (g) do require that the conduct occur with respect to “claims arising under insurance policies,” and it is true that the claim in issue here arises under the settlement agreement, rather than directly under any insurance policy. Ultimately, however, the source of the present claim is the insurance policy, which gave rise to the settlement. A common sense reading of the statute, in furtherance of the legislative intent to promote reasonable conduct by insurers, includes this claim.
The undisputed facts presented here, including Arbella’s failure to respond to the plaintiffs c. 93A demand letter, clearly establish a violation at least of paragraph (b). Moreover, paragraph (f) is devoid of any language regarding insurance policies. Arbella’s liability for the settlement amount was more than “reasonably clear”; it was firmly established. Arbella’s failure to make prompt payment violated paragraph (f), as well as paragraph (b). The Court therefore need not consider whether a violation of paragraph (g) also occurred,[3] or whether the facts would constitute a violation of G.L.c. 93A, §2, independent of G.L.c. 176D. Accordingly, the plaintiff is entitled to judgment as a matter of law as to liability on Count II.
The plaintiffs request for multiple damages depends on whether the defendant’s conduct was knowing or wilful. Here again, the facts are undisputed, indicating only that the delay was for a period of some three and a half months, and was a result of “human error” rather than intent. Those facts fall short of wilfulness, but do establish that the violation was knowing. Regardless of whatever knowledge any individual may or may not have had, the defendant as an entity certainly knew that the money was owed, that it was obligated to pay within a reasonable time after the settlement, and that it was responsible for establishing and maintaining reliable systems to make sure that such obligations would be met promptly, as well as to ensure prompt response to communications on behalf of claimants. Accordingly, pursuant to G.L.c. 93A, §9(3), the plaintiff is entitled to “up to three but not less than two times” his actual damages.
Such multiple damages are punitive, designed to deter violations and encourage compliance with statutory requirements. See R.W. Grainger & Sons, Inc. v. J&S Insulation, 435 Mass. at 83-84. In exercising its discretion to determine a multiplier, therefore, the Court must consider the nature and severity of the conduct, and the likely effect of the judgment on the defendant’s future conduct. The conduct in issue here was not egregious, but the amount of actual damages is so small that, in the Court’s view, anything less than treble that amount would not fulfill that statutory purpose. Accordingly, the plaintiff will be awarded three times the amount of actual damagesthat is, $2,475. That amount, to be awarded under Count II of the complaint, includes the $825 to be awarded under count I. Judgment will enter in the total amount of $2,475. The portion of that amount attributable to actual damages$825will carry interest from August 4, 2003; the remainder, representing punitive damages, will carry no prejudgment interest. See McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 717 n.9 *111 (1990); Nardone v. Patrick Motor Sales, Inc., 46 Mass.App.Ct. 452, 454 (1999).
The plaintiff is also entitled to an award of reasonable attorneys fees and costs incurred in this action, pursuant to G.L.c. 93A, §9(4)..The Court encourages counsel to confer promptly in an effort to reach agreement on the amount of such fees and costs. If counsel cannot agree, proceedings to determine that amount will be scheduled at the status conference previously scheduled on this case for September 8, 2005, at 2:00 p.m.
CONCLUSION AND ORDER
For the reasons stated, the Defendant’s Motion for Summary Judgment is DENIED, and it is hereby ORDERED that summary judgment shall enter for the plaintiff, in the amount of $2,475, with interest on $825 of that amount from August 4, 2003, to the date of the judgment, plus attorneys fees and costs. Counsel shall appear for status conference on September 8, 2005, at which time the Court will schedule such further proceedings as may be necessary to determine the amount of attorneys fees and costs to be awarded.

 Although the cover letter is dated July 31, 2003, Arbella has admitted that the payment was made on August 4, 2003. It may be Inferred that the check was received on that latter date.

 At argument on this motion, defense counsel suggested that a factual dispute may exist as to the circumstances giving rise to the delay, and alluded to the possibility that the need to obtain release of a lien on the motorcycle may have played a role. No information on that subject appears in the record provided to the Court, nor does anything else in the record identify any factual dispute. Having moved for summary judgment based on the contention that no factual dispute exists, the defendant is not now in a position to assert that one does.

 Paragraph (c) seems entirely inapposite to the facts presented.