Salinger, Kenneth W., J.
Plaintiffs seek an injunction that would bar the defendants from dissipating or encumbering their assets and that would require Robert Carp to place in trust or escrow any payments to him or his family members by certain business entities controlled by Carp. Plaintiffs’ claim is based on a recent arbitration award in their favor. It is undisputed that Plaintiffs have not yet obtained a judgment confirming the arbitration award and have no lien or security interest in any of the assets that they seek to tie up. Defendants will be moving to vacate the arbitration award, while Plaintiffs intend to ask a court to confirm the award and reduce it to an enforceable judgment.
The Court agrees with Defendants that under the circumstances of this case the relief sought by Plaintiffs falls outside the scope of the Court’s broad equily powers. The Court is not obligated to follow the Supreme Court’s decision in Grupo Mexicano, which concerns the limits on the jurisdiction of judges commissioned under Article III of the United States Constitution and holds “that the equitable powers conferred by the Judiciary Act of 1789 did not include the power to create remedies previously unknown to equily jurisprudence.” Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 331 (1999). But the Supreme Judicial Court has made clear that the same limitations on equity jurisdiction discussed in Grupo Mexicano also apply under Massachusetts law.
Plaintiffs’ request for preliminary injunctive relief is essentially a “nonstatutory action! 1 to reach and apply” that used to be known as a “creditor’s bill.” See Cavadi v. DeYeso, 458 Mass. 615, 625 (2011). “Traditionally, a creditor’s bill could be brought (i) by a judgment creditor, (ii) who had attempted to obtain satisfaction at law, and (iii) who sued in equity for the purpose of reaching property that could not be taken on execution at law.” Id. The “true rule in equity is that under usual circumstances a creditor’s bill may not be brought except by a judgment creditor after a return of ‘nulla bona’ on execution.” First Nat. Bank of Boston v. Nichols, 294 Mass. 173, 182 (1936), quoting Harkin v. Brundage, 276 U.S. 36, 52 (1928). In cases involving fraudulent conveyances that leave a judgment debtor insolvent, the judgment creditor need not prove a fruitless attempt at execution, but still must show that it has obtained a final and enforceable judgment before obtaining equitable relief in the nature of a creditor’s bill. See Foster v. Evans, 384 Mass. 687, 693-94 (1981).
Although Plaintiffs obtained an arbitration award in their favor, “an arbitrator’s award is not a ‘judgment.’ ” Drywall Sys., Inc. v. ZVI Const. Co., Inc., 435 Mass. 664, 669 (2002) (applying multiple damages provision of G.L.c. 93A); accord Glenn Acres, Inc. v. Cliffwood Corp., 353 Mass. 150, 156 (1967) (applying G.L.c. 235, §8, regarding postjudgment interest). “The term ‘judgment’ has acquired a peculiar meaning in law; it is founded on a decision by a court, not on an award by an arbitrator.” Bonofiglio v. Commercial Union Ins. Co., 411 Mass. 31, 37 (1991). “In order to obtain a ‘judgment’ based on an arbitration award, a plaintiff must file a complaint to confirm or enforce the award . . . The purpose of an action to confirm an arbitration award is to enable a plaintiff to collect an unsatisfied award by enforcing the judgment that has been entered.” Murphy v. National Union Fire Ins. Co., 438 Mass. 529, 532 (2003). An arbitration award is not enforceable in court unless and until it has been confirmed by a court and reduced to a final judgment. See G.L.c. 251, §14. The Appeals Court’s holding that an arbitration award may have “the requisite finality for res judicata purposes,” at least where the losing party “did not appeal the prior arbitration pursuant to G.L.c. 251, §§12 and 13,” see TLT Constr. Corp. v. A. Anthony Tappe & Assocs., Inc., 48 Mass.App.Ct. 1, 9 &n.6 (1999), has no bearing on whether the contested arbitration award at issue here makes Plaintiffs judgment creditors entitled to obtain an attachment in the nature of a creditor’s bill.
Since Plaintiffs are not yet judgment creditors of any defendant, the Court may not exercise its general equity jurisdiction to temporarily grant injunctive relief in the nature of creditors’ bill attachment. See First Nat. Bank, 294 Mass. at 182-83; Consolidated Ordnance Co. v. Marsh, 227 Mass. 15, 23 (1917); in re Rare Coin Galleries of America, Inc., 862 F.2d 896, 904-05 *178 (1st Cir. 1988) (applying Massachusetts law); Hunter v. Youthstream Media Networks, 241 F.Sup.2d 52, 55-57 (2002) (Collings, M. J.) (applying Massachusetts law).
The published appellate decisions cited by the Plaintiffs are not to the contrary. The Boston Athletic Ass’n appeal did not involve a creditor’s bill attachment, but instead involved an injunction to prevent the dispersal of particular, contested funds generated by a contract the validity of which was in dispute. See Boston Athletic Ass’n v. International Marathons, Inc., 392 Mass. 356, 362 (1984). The Demoulas appeal did not involve a preliminary injunction, but instead was an appeal brought after the entry of final judgment. See Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 503 (1997). The case of R.G. v. Hall did not involve a non-statutoiy attachment in the nature of a creditor’s bill, but instead involved relief in the nature of trustee process against financial assets held by a bank. See R.G. v. Hall, 37 Mass.App.Ct. 410, 411-12 (1994).
ORDER
Plaintiffs’ motion for a preliminary injunction is DENIED. The temporaiy restraining order previously, granted in this case is hereby terminated.